HALEY v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAIL-
WAY COMPANY, *Appellant.*

**Evidence.** In an action against a railroad company to recover dam-
ages for the destruction of property caused by fire alleged to have
been set by sparks escaping from one of the company's engines, the
evidence on the part of the plaintiff failed to identify with certainty
the particular engine which emitted the sparks.    Evidence was
offered on the part of the company to show that all its engines
were, on the day of the fire, provided with the most approved ap-
paratus to prevent the escape of fire, and that the apparatus was in
good condition, but the evidence was rejected on the ground that it
ought to be limited to the particular engine which did the damage.
*Held,* error.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER,
Judge.

*Charles A. Winslow* for appellant.

*Kennan & McIntyre* for respondent.

HOUGH, J.—It appears from the testimony introduced
by the plaintiff, that between eleven and twelve o'clock of
each day a freight train passed his farm, going west, and
that, on the 28th day of October, 1875, just after the train
passed, at the time named, a smoke was observed in an ad-
joining field, about 90 feet distant from the railroad track,
which immediately kindled into a flame which spread to
the plaintiff's farm, three-quarters of a mile away, con-
suming his fences, out-buildings and farm products.    The
present action was brought to recover the value of the
property thus destroyed.

It is a matter of inference only that the fire was kin-
dled by sparks escaping from the defendant's engine.  There
was no direct testimony to that effect.    It was not even
shown that any sparks escaped from defendant's engine as
it passed.    As there is no natural and necessary connection
between the running of the engine and the kindling of the
fire, it would seem that some testimony should have been

introduced connecting the two events; and it may well be questioned whether the mere opinion of a witness that the fire could not have been started in any other way than by the engine, is sufficient for that purpose. We do not rest our judgment, however, on this ground. None of the plaintiff's witnesses undertook to identify the particular engine which passed the plaintiff's farm on the day and at the hour at which the fire occurred.

W. H. Selby, a witness for defendant, testified that he resided at Moberly; that he was employed by the defendant as superintendent of machinery, and that it was his duty to have all machinery on defendant's road kept in good condition; that the town of Moberly is about thirty miles west of the farm of the plaintiff, and that defendant's machine shops and round house were there; that all engines running west by the farm of plaintiff are taken into the round house at Moberly as soon as they arrive, and carefully examined, and a record made of their condition; that on the 28th day of October, 1875, all of defendant's engines were provided with the best contrivances to prevent the escape of fire, then in use or known. Thereupon the defendant's counsel asked the witness the following questions: "What was the condition of all defendant's engines arriving in Moberly from the east, on the 28th day of October, 1875 ? What was the condition of the smoke stacks, netting and all the apparatus and contrivances to prevent the escape of fire?" To these questions the plaintiff objected for the reason that they were irrelevant and incompetent, and for the further reason that the defendant should confine its proof to the particular engine from which the fire escaped, and the court sustained said objections and would not permit the witness to answer. In this ruling, we are of opinion, that the circuit court committed error. If, at the time this testimony was offered, it had appeared from the testimony in the cause that any particular engine had emitted the sparks which occasioned the fire, it would have been entirely proper for the court to have confined

the witness to the condition of that particular engine.    But no such testimony had been introduced.    The testimony for the plaintiff was general, that a fire occurred near the railroad track soon after one of defendant's engines passed the plaintiff's premises, which fire consumed plaintiff's property.    Under these circumstances it was clearly competent to show that all the engines of the defendant which passed the plaintiff's premises going west, on the day named, were not only provided with the most approved contrivances to prevent the escape of fire, but that such contrivances were in good condition.    If the defendant had a right to show what contrivances were employed, on all the engines going west that day, to prevent the escape of fire, it also had the right to show their condition.    It would have been utterly useless to prove the former, if it could not also prove the latter.

The testimony offered was, in our opinion, both competent and relevant, and should have been admitted.    Nor was the evidence sought to be elicited matter of opinion about which experts alone could testify.    It was a question of fact and a matter of observation, about which the jury themselves would have been as well qualified to form an opinion, if the flues and netting had been before them, as those persons who were familiar with their construction and accustomed to their use.    Moreover, no objection was made to the capacity of the witness to answer the questions propounded.    Nor was the absence of this testimony supplied by anything subsequently admitted.    The witness afterwards testified that the engine which it was supposed originated the fire was numbered 85.    Another witness testified that this engine was in perfect condition on the day named ; but he also testified that it reached Moberly at ten o'clock a. m., nearly two hours before the fire.    According to the testimony of this witness, some other engine must have passed the plaintiff's premises between eleven and twelve o'clock.    So that it was left in doubt what engine occasioned the damage, and the defendant was,

throughout the trial, deprived of the benefit of the rejected testimony. Even after it was made doubtful what engine started the fire, it would have been competent for the defendant to show that all the engines passing plaintiff's premises that day were in good repair and properly equipped. For the error indicated, the judgment of the circuit court will be reversed and the cause remanded. Judges SHERWOOD and HENRY concur. Judges NAPTON and NORTON dissent.

REVERSED.