PALMER v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

1. **Venue.** In an action for damages for injury to property situated upon plaintiff's farm, it is not necessary to indicate the locality of the farm otherwise than by the venue laid in the margin of the petition.

2. **Pleading Negligence.** The petition in this case charges negligence with sufficient precision, and shows clearly the connection between the negligence and the injury sustained by plaintiff.

3. **Practice.** The court condemns the practice of asking instructions which are but repetitions of each other.

4. **Railroad: ESCAPE OF FIRE: PRESUMPTION.** There is no legal presumption that a railroad company, while in the exercise of its lawful right to run its locomotives and trains over its road and to use fire in so doing, will not permit fire to escape from them.

5. ———: ———. The fact that a railroad company uses good machinery and the most approved appliances to prevent the escape of fire, and has careful and competent men in charge thereof, will not, in case fire does escape, of itself rebut the *prima facie* inference of negligence or exempt the company from liability for damages caused thereby.

6. ———: ———: CONTRIBUTORY NEGLIGENCE. The fact that a farmer permits dry grass and other combustible matter to remain on his land, does not constitute contributory negligence on his part so as to prevent him from recovering against a railroad company for the destruction of property there situate, caused by fire escaping from a passing train and driven by a high wind through similar com-

bustible matter on the company's right of way and on an interven-
ing farm.

7.   ———: ———: DUTY TO PROVIDE AGAINST HIGH WINDS.   Railroad
companies must use reasonable precautions to prevent fire from
being carried from their locomotives by such winds as are usual and
ordinary at the season and the place, and are only relieved from
making provision against extraordinary and unusual winds.

*Appeal from Pettis Circuit Court.*—HON. WILLIAM T. WOOD,
Judge.

AFFIRMED.

*T. J. Portis* and *E. A. Andrews* for appellant.

*Snoddy & Short* for respondent.

HENRY, J.—This suit is for the recovery of damages
for the destruction of plaintiff's timothy, orchard grass,
etc., alleged to have been occasioned by the negligent and
careless manner in which defendant managed a locomotive
passing over its road, whereby sparks of fire were permitted
to escape therefrom, which set fire to said timothy, etc.
Plaintiff obtained a judgment, from which defendant pros-
ecutes this appeal.

The petition contained six counts, four of which are
based upon the alleged burning, and two were for killing
stock; and, being compelled to make an election on which
of said counts he would go to trial, plaintiff elected to
proceed on the fourth, fifth and sixth.   The fourth is as
follows:   "Plaintiff further states that on the 10th day of
December, 1876, while defendant, by its agents and em-
ployes, was propelling along and over its said railroad a
certain other locomotive engine, where the right of way
of said railroad extends along, through and adjoining a
farm owned and cultivated by plaintiff, said defendant so
carelessly and negligently ran and managed said locomo-
tive engine, to-wit: the locomotive engine attached to and
drawing the passenger train going east on said road, that
sparks and fire were permitted to escape therefrom into

and on plaintiff's said farm, and into and on defendant's said right of way, where defendant had carelessly and negligently permitted dry grass, weeds and other combustible matter to accumulate, and thereby set fire to, and communicated fire to certain other property belonging to plaintiff on said farm, to-wit." Then follows a description of the property destroyed.

We have no occasion to notice the fifth and sixth counts, inasmuch as appellant in the brief makes no complaint of any action of the court with respect to the trial of the issues made on them.

On the margin of the petition at the commencement, the venue is alleged as follows:

" STATE OF MISSOURI, ⎫ ss.
   County of Pettis, ⎭

   In the Pettis County Circuit Court."

Appellant's counsel contend that the petition is fatally defective in not stating the locality of plaintiff's farm.

1. VENUE. There is no necessity in such case to allege its specific locality within the county. Stating the county in which it is situate, is sufficient, and by section 28, Wagner's Statutes, page 1018, the name of the county stated in the margin, shall be taken to be the venue intended; and it shall not be necessary to state a venue in the body of the petition, or in any subsequent pleading. The common law rule on the subject is, therefore, no longer in force. Bliss on Code Plead., § 284.

Appellant's counsel also insist that the petition states no specific facts of negligence or carelessness, and liken this to the case of *Waldhier v. Hann. & St. Jo. R. R. Co.*, 71 Mo. 514. In the latter case

2. PLEADING NEGLIGENCE.

the allegation was that " defendant by reason of its negligence and carelessness, plaintiff was run against by one of defendant's cars, thereby," etc. A more vague allegation could not be made. Whether the negligence was that of the employes running the train, the train dispatcher or the section hands, or consisted in the improper and careless

construction of the road, is not to be ascertained from that allegation. Nor is it helped by the subsequent allegation: " that plaintiff was then and there, by reason of the negligence of defendant in running and managing its train, and in having and using insufficient and defective machinery, the plaintiff was broken and mutilated," etc. No direct connection between the negligence of the company and defendant's injury is shown; whereas here it is alleged, as a direct consequence of the negligence of the employes who were in charge of the train, that sparks of fire escaped from the locomotive by which plaintiff's grass, etc., were set on fire and consumed. The connection between the negligence alleged and the injury sustained, is clearly shown. The negligence alleged is the careless running and managing of the locomotive engine; the consequence alleged, is the escape of sparks of fire, by which fire was communicated to plaintiff's property. The difference between this petition and that in *Waldhier v. Hann. & St. Jo. R. R. Co.*, is obvious.

The evidence for plaintiff tended to prove that immediately after the train passed over that portion of the road in question, the grass on defendant's right of way was discovered to be on fire, and it burned until it reached the field of one Norton, adjoining the right of way, and from that field passed into plaintiff's premises. The fire originated west of plaintiff's land, at a place on the right of way on which the grass had been left for a distance of 200 feet. A strong southwest wind was blowing at the time, and the communication of the fire to plaintiff's property destroyed, was caused by the dry grass on the right of way in Norton's field and in plaintiff's premises together with the wind.

For defendant the evidence tended to prove that the most approved spark-arrester and machinery were in use on the locomotive in question, and that those in charge of the train were careful and skillful in the business in which they were respectively engaged. As to the origin of the

fire, Cord Leegen for defendant, testified : " That it orig-
inated in a patch of grass on the right of way 250 feet
long, which was not burned when the balance of the right
of way was cleared, because it would not burn ; there
was not enough grass. It would take a high wind to
make it burn. Perhaps after it had been mashed, it would
burn if wind enough. There was a high wind when the
fire occurred—a hard wind, too hard to set out fire. It was
my duty to keep the track clear of grass."

At the close of the evidence, defendant asked fifteen
instructions, all of which were refused, and we refrain from
3. PRACTICE.　embodying them literally in this opinion, on
account of the space they would occupy. One or two
would have been sufficient to present every question in-
volved in the case ; and the practice of encumbering the
record with instructions which are but repetitions of each
other, cannot be too strongly condemned. They not only
confuse juries, when given, but impose unnecessary labor
both on the trial court and this court, and a reform in this
practice is very much needed.

The first, second, fourth, fifth and ninth were to the
effect that under the pleading and evidence plaintiff could
not recover. They were based upon the alleged insuffi-
ciency of the petition, and having already disposed of that
question, nothing more on the subject need be said.

The seventh instruction is as follows :

" The court instructs the jury that two things must
concur in this case to entitle plaintiff to recover :

(1) Negligence on the part of the defendant.

(2) That there was no contributory negligence on the
part of the plaintiff.

And further, that the law presumes that the defendant
while in the exercise of its lawful right to run its locomo-
tives and trains over its railroad, and to use fire in so do-
ing, was not guilty of negligence in permitting fire to
escape from its locomotives; and that in this case the
simple fact that fire did escape and destroy plaintiff's

property, if the defendant was using good machinery and the most approved appliances to prevent the escape of fire, and had careful and competent men in charge thereof, is not sufficient to entitle the plaintiff to recover.

And further, that if you find from the evidence that dry grass, weeds and other combustible matter were allowed to remain on defendant's right of way, to which the fire was communicated, (and that the fire was caused by a stong wind and could not have gone there of itself, or in any other way,) thence to dry grass, weeds or other combustible matter which the plaintiff had allowed to accumulate and remain on his own land, and thus the fire was communicated to plaintiff's property and it was destroyed, then plaintiff was guilty of such contributory negligence as to prevent him from recovery in this case, and the jury must find for the defendant."

There is no such legal presumption as that stated in the third paragraph of that instruction. There is no pre- sumption on the subject. The burden of proof is on the plaintiff to prove negligence. He has no legal presumption to overcome, but like any other person relying upon a fact to establish a liability against his adversary, he must establish it by a preponderance of evidence.

4. RAILROAD: escape of fire: presumption.

The balance of that paragraph asserts a proposition which is expressly negatived by *Kenney v. Hann. & St. Jo. R. R. C.,* 70 Mo. 243.

5. ——: ——.

Besides, this entire paragraph was embodied in an instruction given by the court of its own motion.

The last paragraph of defendant's refused instruction, relating to the agency of the wind, was improper, as en- tirely ignoring the facts which the evidence tended to establish, while the instruction given by the court above alluded to, was all, and more than defendant was entitled to. It is as follows:

6. ——: ——: contributory negligence.

"And further, that if the jury find from the evidence in this case that dry grass, weeds or other combustible

matter were allowed to remain on defendant's right of way opposite to Norton's land, which adjoined plaintiff's land on the west, and to which said fire was communicated, and that said fire was caused by a strong wind which was blowing in that direction at the time on to the land of Norton, and that but for said wind the fire could not have gotten on his said land when it ignited dry grass and other combustible matter which had been allowed to accumulate and remain on Norton's land, and that the fire was by the agency of said wind, and said dry grass, etc., on Norton's land, carried thence to the plaintiff's land, where he had suffered dry grass and other combustible matter to accumulate and remain, and that plaintiff knew or might have known, by the exercise of ordinary care, of the existence of such grass and combustible matter, on both Norton's land and his own; and that in this manner the fire was communicated to plaintiff's property and it was destroyed; the plaintiff was himself guilty of such contributory negligence as to prevent him from recovering in this case, and the jury must find for the defendant."

It is sufficient, however, to say, that the court gave it, and it was more favorable to defendant than it had a right to demand.

Defendant's eighth instruction refused, was substantially the same as the third given by the court of its own motion, and both are erroneous, under the decision in *Kenney v. Hann. & St. Jo. R. R. Co.,* *supra.* They both assert that the *prima facie* inference of negligence, from the fact that fire escaped from defendant's locomotive, may be fully rebutted by showing that the best machinery and contrivances to prevent the escape of fire known to be in use, were employed by defendant on the locomotive in question, and that competent, skillful and careful servants were, at the time, in charge of the same, and that, when such proof is made by defendant, before the jury can find for plaintiff, he must prove other acts of actual negligence of defendant.

Defendant's tenth refused instruction is predicated of a state of facts of which there was not only no evidence, but evidence to the contrary only. Plaintiff's land on which the property was consumed did not adjoin the right of way. Norton's field adjoined the right of way and intervened between the right of way and defendant's land. Defendant may have had other land adjoining the right of way, but the fire did not pass over his own, but only over Norton's land to the enclosure in which the property was destroyed. Nor is it the law, that if the railroad company negligently permit dry grass to accumulate on the right of way, and it is set on fire by a passing locomotive, and the fire is communicated to the grass in the field of an adjoining proprietor, and from that field it is communicated to the grass in the field of another, the latter cannot recover, because he permitted dry grass to accumulate on his own lands. Nor does it make any difference in such case, that the owner of the field adjoining the right of way was guilty of negligence in permitting dry grass to stand in his fence-corners adjoining the right of way. Otherwise it would be the duty of the remote owner to destroy the very crops, of the destruction of which by the company he complains.

We may here dispose of all the instructions asked by defendant, and that given by the court, in relation to the agency of the wind in carrying the fire to plaintiff's premises, by saying that it is no defense that the wind was a strong wind, but it must be an extraordinary and unusual wind, at the season of the year when the fire occurred. The company must use reasonable precautions to prevent a fire from being carried from its locomotives by such winds as are usual and ordinary at the season of the year, and place where the fire occurs, and is only relieved from making provision against extraordinary and unusual winds. *Poeppers v. M., K. & T. R'y Co.*, 67 Mo. 725.

The eleventh contains the same vice as the eighth, and

what we have said of other instructions in relation to the agency of the wind, is also applicable to that portion of this.

The first paragraph of the twelfth is identical in substance with the first paragraph of the eleventh, and the second paragraph is based upon a state of facts of which there was no evidence whatever.

The thirteenth is also predicated of a state of facts of which there was no evidence. No witness testified that the fire could not have been communicated to plaintiff's land except through the sole agency of a high wind. One witness did testify that the dry grass on the right of way would not have ignited from falling sparks or cinders unless a high wind were prevailing, but, if through their negligence dry grass were left on the right of way, which in a high wind, sparks of fire falling from the locomotive, would ignite, the company is not relieved of liability to adjoining proprietors who are injured by the communication of such fire to their premises in an ordinary way. If the high wind had carried the sparks a great distance and directly communicated fire to plaintiff's property, the instructions on that subject asked and refused, would, at least, have been applicable to the facts.

By the fourteenth instruction defendant asked the court to declare that the evidence offered by defendant, that the grass on the right of way, at the place in question, would not burn, and could not be burned, and that defendant tried to burn it in the fall, and could not, being uncontradicted and unimpeached, and there being no conflicting evidence as to the point, then the fact that said grass remained there was not negligence. The court could not have given that instruction without ignoring the positive proof that the grass did ignite. Whether it could have been burned in the fall or not, it did burn in the following December.

This cause was tried in the circuit court, before the publication of the opinion of this court in *Kenney v. Hann.*

*& St. Jo. R. R. Co., supra,* which, in our judgment, is decisive of all the questions in the case, except that respecting the agency of the wind in causing the communication of the fire to plaintiff's property, and we think the instruction on that subject more favorable to defendant than the law allows. The issues were fairly submitted to the jury, and we cannot disturb their verdict, where there is evidence to support it. The instructions given at plaintiff's instance embody the law as herein declared, and the judgment, all concurring, is affirmed.