Redmond v. The Chicago, Rock Island & Pacific Railway Company.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Wells H. Blodgett* for appellant.

*Thos. Metcalfe* with *Cline, Jamison & Day* for respondent.

REDMOND v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

**Fire Escaping from Locomotive**: SUFFICIENCY OF EVIDENCE. Witnesses who were a quarter of a mile away from a railroad track at the time a train passed, about fifteen minutes afterward observed fire, and going to the place found it was burning on the railroad right of way and also in the plaintiff's field about fifteen yards west of the right of way. The wind was blowing from the east; and the right of way was foul with very dry grass and weeds. There was no fire on the east side of the track, and none had been observed before the passage of the train. *Held*, that this was evidence enough to submit to the jury on the question whether the fire escaped from the locomotive that drew the train.

*Appeal from Platte Circuit Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED.

*M. A. Low* for appellant.

*Anderson & Carmack* for respondent.

HENRY, J.—Plaintiff sued before a justice of the peace, alleging in his statement, that while defendant, on the 11th of March, 1879, was running its cars upon its railroad, the locomotive engine and cars were so carelessly and negligently managed that fire escaped therefrom, and was communicated to inflammable material which the defendant negligently and carelessly permitted to accumulate on its right of way, and that from the right of way the fire was communicated to plaintiff's blue-grass, fencing and timber, to his damage $50. The plaintiff had a judgment, from which the defendant appealed to the circuit court, in which he again obtained a judgment, from which this appeal was taken.

It is admitted that plaintiff introduced evidence sufficient to sustain the verdict and judgment, if the evidence was sufficient to prove that the fire complained of escaped from defendant's engine. The evidence on this subject was that of two men who were working in a field one-fourth of a mile from the place where the fire started, and saw defendant's construction train pass, and about fifteen minutes afterward observed the fire and immediately went to it. It was then on plaintiff's field about fifteen yards west of defendant's right of way. The wind was blowing from the east and the fire was then burning on defendant's right of way. They saw no fire before the train passed. There was no fire on the east side of the railroad, and the right of way was foul with grass and weeds which were very dry. This was all the evidence, and we cannot say that there was no evidence to prove that the fire escaped from the engine drawing the construction cars. It evidently originated on the right of way. The wind was blowing from the east, and all the fire was on and west of

the right of way. It was first discovered fifteen minutes after the construction train passed. While there may be such a lapse of time between the passage of a train and the occurrence of the fire, with no other facts than those above detailed to show how it originated, as would justify the court in taking the case from the jury, we do not think there was a sufficient interval of time between the passage of the train and the occurrence or discovery of the fire in this case, as would have warranted the withdrawal of the case from the jury. We will not attempt to determine that time—we could not. Each case must be governed by its peculiar facts. Although the evidence is not as satisfactory in this as in the *Kenney case*, cited by appellant's counsel, 70 Mo. 252, and *Kenney v. R. R. Co.*, 70 Mo. 243, yet we cannot say that an intelligent and impartial jury could not have found, from the evidence, that the fire was communicated to the grass on defendant's right of way by the engine in question.

The case of *Haley v. R. R. Co.*, 69 Mo. 614, was decided on another ground than that contained in the paragraph quoted by appellant's counsel from the opinion. While it is said there, that: "As there is no natural and necessary connection between the running of the engine and kindling of the fire, it would seem that some testimony should have been introduced connecting the two events," it was also said in that connection, that: "We do not rest our judgment, however, on this ground." The case is, therefore, not an authority for appellant's position. Nor is *Sheldon v. R. R. Co.*, 29 Barb. 228. The facts of that case are stated in *Kenney v. R. R. Co.*, 70 Mo. 249. There the train passed an hour and fifteen minutes before the mill was discovered to be on fire, and other facts are shown which clearly distinguish it from the case at bar. The same case was relied upon by the defendant in *Kenney v. R. R. Co.*, but this court observed that: "A marked difference between that and this case, is the length of time

which elapsed between the passage of the train and the occurrence of the fire."

All concurring, the judgment is affirmed.