WISE v. THE JOPLIN RAILROAD COMPANY, *Appellant.*

1. **Negligence:** RAILROAD : ESCAPE OF FIRE FROM ENGINE. Proof of the fact of fire escaping from a passing engine and burning the property of another, makes a *prima facie* case of negligence against the railroad which provides and operates the engine.

2. **Pleading:** NEGLIGENCE . The petition in such case need only aver the substantive facts that the fire was negligently permitted to escape and burn the plaintiff's property    Under such averments

Wise v. The Joplin Railroad Company.

the plaintiff can show the negligence of the railroad in providing safe engines and also in operating them.

3. **Supreme Court**: PRACTICE IN. The Supreme Court will not reverse a cause so that the plaintiff may widen his petition to conform with the proofs admitted in the case, and compel the lower court to try the identical issue again. Nor will it do so to afford a party a benefit and an advantage he has already received.

4. **Negligence**: ESCAPE OF FIRE: INSTRUCTIONS: VARIANCE. The request of the defendant that the jury be instructed to find for it, if the fire escaped from the smoke-stack, instead of the fire-box or ash-pan of the engine, *held* properly refused, although the place of the escape of the fire was alleged in the petition to have been the ash-pan and fire-box. The evidence on the trial related to the locomotive engine, in providing and operating it, and whether the fire escaped from it through the ash-pan or through the smoke-stack was immaterial, unless the defendant was prejudiced by the supposed variance, which was not the case.

*Appeal from Jasper Circuit Court.*—HON. JOS. CRAVENS, Judge.

AFFIRMED.

*John O'Day* for appellant.

(1) The court erred in submitting to the jury the questions whether the company had used the best engine and machinery and the best appliances to prevent the escape of fire, and had employed skilful and competent servants. *Buffington v. R. R.*, 64 Mo. 246; *Waldhier v. R. R.*, 71 Mo. 514; *Edens v. R. R.*, 72 Mo. 212; *Carson v. Cummings*, 69 Mo. 325. (2) Plaintiff only avers that the fire was negligently suffered to escape from the ash-pan and fire-box, and grounds his right to recover on that statement; yet the court tells the jury that he can recover, if they find that the fire escaped from the engine, which includes not only the ash-pan and fire-box, but the smoke-stack, from which sparks are more likely to escape than any other part of the engine. This was error. Authorities, *supra*. (3) The court should confine its instructions to the is-

sues made by the pleadings. *Camp v. Heelan*, 43 Mo. 591; *Bk. v. Armstrong*, 62 Mo. 59; *Iron Mt. Bk. v. Murdock*, 62 Mo. 70; *Fulkerson v. Thornton*, 68 Mo. 468; *Hassett v. Rust*, 64 Mo. 325; *Kenney v. R. R.*, 70 Mo. 252. (4) A petition in an action against a railroad company, for burning property, which simply states that the railway company's servants carelessly caused or allowed fire to escape, does not state sufficient facts to state a cause of action. *Weil v. Green Co.*, 69 Mo. 281; *Waldhier v. H. & St. J. R. R. Co.*, 71 Mo. 514; *Edens v. same*, 72 Mo. 212; *Harrison v. M. P. Ry. Co.*, 74 Mo. 364; *State ex. rel. v. Griffith et. al.*, 63 Mo. 545. (5) The instructions given at the request of plaintiff are irreconcilable with the instructions given by the court of its own motion for plaintiff, and with the instructions given for the defendant. Each instruction must, in itself, not only be correct, so far as it goes, but consistent with the other instructions given. *Henschen v. O'Bannon*, 56 Mo. 289; *Thomas v. Batt*, 45 Mo. 384; *Stevenson v. Hancock*, 72 Mo. 612; *Modisett v. McPike*, 74 Mo. 636; *Simmons v. Carrier*, 60 Mo. 581. (6) If erroneous instructions are given for one party, the error is not cured by the fact that correct instructions accompanied them, nor by giving for the other party instructions explanatory or contradictory to those first given; they should be expressly withdrawn from the jury. *Goetz v. H. & St. J. R. R. Co.*, 50 Mo. 472; *Jones v. Talbot*, 4 Mo. 279; *Hickendee v. Griffin*, 6 Mo. 37; *Singer Manufacturing Co. v. Hudson*, 4 Mo. App. 145.

*J. W. McAntire* for respondent.

(1) The instructions given for plaintiff are identical with the instructions for plaintiff approved by the Supreme Court in a similar case. *Poeppers v. Missouri, Kansas and Texas R. R. Co.*, 67 Mo. 716. (2) The plaintiff having shown that the fire originated from sparks escaping from defendant's engine, the burden of

proof was on the defendant to show that the engine from which the sparks escaped was at the time equipped with the most improved mechanical contrivances employed to prevent the escape of fire. *Ill. Cent. R. R. v. Mills*, 42 Ill. 410; *McClelland v. Ill. Cent. R. R.*, 42 Ill. 354; *Fitch v. Pacific R. R. Co.*, 45 Mo. 322. (3) The fact that the fire which caused the damage sued for was set by defendant's engine would be *prima facie* evidence of negligence by those who ran it, or who provided the engine with its contrivances and would throw the burden of exonerating them upon the company. *Bedford v. Hannibal & St. Joseph R. R. Co.*, 46 Mo. 456. (4) Instructions refused by the court were properly refused, because from testimony introduced, showing that the fire had been scattered along its track, with no explanation of its cause, the jury is warranted in inferring some negligence of the company. *Fitch v. the Pacific R. R. Co.*, 45 Mo. 322; *Palmer v. Missouri Pacific Railway Co.*, 76 Mo. 217; *Redmond v. Chicago, Rock Island & Pacific Railway Co.*, 76 Mo. 550. (5) Where instructions taken as a whole series applying to all the phases of the case fairly present the law to the jury and are not calculated to mislead, the judgment will not be reversed. *Myers v. R. R.*, 59 Mo. 223. (6) If the plaintiff makes out a case upon which he can go to the jury, the court cannot, after the defence is in, assume it to be true and direct a verdict for defendant. *Woods v. Ins. Co.*, 50 Mo. 112.

MARTIN, C.—This was an action against a railroad for negligence in permitting fire to escape from its passing trains and burn the property of plaintiff. Suit commenced February 5, 1879. It is alleged in the petition, "That on or about the said second day of November, 1879, defendant, not regarding its duty in that behalf, did, whilst running its cars and locomotive engines upon the track of said railroad, by its servants and agents near by, and through the said tract of land of plaintiff in the state of Missouri and county of Jasper aforesaid, so neg-

ligently and carelessly manage and control said cars and locomotive engine, that sparks of fire from the ash-pan and fire-box escaped, and by falling and lighting upon the dead grass and other combustible matter upon the track and right of way of said railroad, which defendant by its agents and servants had permitted to grow and accumulate thereon, set fire thereto, which fire so commenced and started on said track and right of way of said railroad, then and there spread and escaped therefrom and communicated to and set fire to the grass and other things standing and being on a tract of land of one Morrison adjoining thereto, and thence communicated and set fire to the fences, hedges and farm of plaintiff, and then and there burned and destroyed the following property belonging to plaintiff on said farm, to-wit : One hundred and twenty rods of rail fence of the value of two hundred and fifty dollars, and one hundred and twenty rods of first-class hedge of the value of two hundred and fifty dollars, all of the value of five hundred dollars.''

It is further alleged, '' that the agents, servants and employes in charge of said railroad, well knew that said fire had escaped and kindled in the manner as hereinbefore stated, but wholly disregarding their duty in that behalf failed and refused to extinguish said fire and to prevent its spreading, but went away and left the same burning until it communicated to the said farm of plaintiff and destroyed said property as aforesaid.'' To this petition the defendant made answer by general denial. The case was tried by a jury.

Some nine or ten witnesses were examined in behalf of plaintiff, in chief and in rebuttal. These witnesses testified substantially that on the second of November, 1873, near Carl Junction, a freight train of the defendant was going south ; that its progress there was up a slightly rising grade ; that on the defendant's right of way and between the tracks of its road there was dry grass, varying from six to twelve inches in height ; that immediately

after the train passed, the grass in two or three places on the track, as well as on the west side of it, was seen on fire; that it started right from the track and moved with the wind, which was blowing quite a gale towards the southwest; that before the train passed entirely by, the fire had spread half the length of it; that the train men could have seen it; that the train was not slackened nor whistle blown nor bell rung; that in twenty or thirty minutes it made its way into the fields on the west side of the track; that after crossing two roads and going over the premises of one Morrison it reached the plaintiff's farm, which was on the west side of the road, and burned eighty rods of rail fence and eighty rods of hedge fence; that no fire was seen on the east side of the road till the next day. Witness, Lane, testified: "I was just east of the railroad when the fire occurred. It seemed to me that the fire came up in the wake of the train. It rather left the track and went southwest. I think it started forty or sixty rods from where I was." Witness, True, who was within thirty rods of the train when it passed, said that he had just crossed the track from the east side; that before the train came up he saw the place where the fire started; that he saw the fire itself on the track, or close to it, on the west side of it as soon as the train had passed.

On the part of the defendant evidence in contradiction of the case contained in plaintiff's evidence was submitted. The conductor and engineer testified that as the train was going south on the occasion in controversy they saw no fire on the track or on the west side of the track, but that they observed a fire near some hay stacks on the east side of the track; that fires were pretty frequent in the country at that time, and that it would not require long for the fire which they saw near the stacks to jump across the track and reach the plaintiff's premises. The fireman testified that he saw no fire on either side of the track when the train went south, and that his attention was not called to, nor did he see the fire near the hay-

stacks on the east side, but that when he returned the next day on his train going north he noticed that the road was burned on both sides of the track. Evidence was submitted by defendant tending to prove that the engine, smoke-stack, fire-box and ash-pan were constructed of the best materials and furnished with the best known appliances to prevent the escape of fire ; that the engineer and fireman were experts, well trained and skilful, and that they conducted, managed and operated the engine in the most careful and skilful manner, and that no fire did escape from it on the day complained of.

The following instructions were given at the instance of plaintiff :

"1. The court instructs the jury that if they believe, from the evidence that the Joplin Railroad Company, on or about the second day of November, 1878, while running its locomotive steam engine and cars on the line of road in Jasper county, Missouri, through its servants, agents and employes, permitted the sparks and fire to escape from its engine and set fire to the grass along and by the side of its line of road, and damage ensued to plaintiff as alleged, then the jury may *infer* or presume that the fire escaped through the negligence of the defendant, its servants, agents and employes. And the court instructs the jury that in such case it devolves upon the defendant to rebut the presumption of negligence by proving that it was at such time using proper and safe locomotive and engine, and that its employes and servants were conducting them in a proper and safe way at the time the fire escaped, and unless the jury believe that the defendant has rebutted this presumption they will find for the plaintiff."

"2. The court instructs the jury that defendant in this case is bound to a degree of care and diligence in proportion to the degree of danger and the probable extent of injury to the property of others in case of negligence, and if the jury believe that, on or about the second day of November, 1878, the defendant, the Joplin

Railroad Company, through its agents and employes, while operating its engines and trains of cars over the line of road in Jasper county, Missouri, failed to exercise that degree of care and caution they ought to have done under the circumstances, in consequence of which fire escaped from the engine of the train in their use, and set on fire the dry grass and combustible matter accumulated and standing alongside and by the railroad track, and thence by its natural extension communicated to and burned the property of plaintiff as alleged in his petition, they will find for the plaintiff."

Of its own motion the court gave the following instructions:

"1. The inference that because fire escaped from defendant's engine, which damaged the plaintiff, the defendant was guilty of negligence, is fully rebutted, that is, overcome, by the defendant's showing, to the satisfaction of the jury, that it used the best *machinery and contrivances to prevent the escape of fire*, and that careful and competent servants were employed by defendant, and if such inference of negligence is overcome by the evidence of defendant that it had the best *machinery and appliances* and careful and skilful servants, as aforesaid, then plaintiff cannot recover unless the plaintiff has proved to the satisfaction of the jury *other acts of negligence* of defendant which caused the escape of the fire."

"2. The court instructs the jury that, to entitle the plaintiff to recover, he must prove to the satisfaction of the jury: First, that the fire which caused the damage to plaintiff's property was set out and caused by the escape of fire from the fire-box or ash-pan of defendant's engine, and, second, that the escape of such fire was caused by or was the result of the negligence of defendant's agents, and if the jury believe from the evidence that defendant's engine was provided with the best appliances, in common use, to prevent the escape of fire, and was managed and run by a careful and competent

engineer and fireman, who exercised due and careful precaution to prevent the escape of fire, then the plaintiff cannot recover unless the jury believe the defendant or its employes were guilty of actual negligence.''

The court refused at the instance of defendant, to declare that as matter of law the case made by plaintiff was overthrown by the evidence of defendant and that the jury upon the evidence should find for defendant. It refused to instruct that the plaintiff could not recover if the fire escaped through the smoke-stack and not through the ash-pan or fire-box. It, also, refused to instruct that the one fact alone that the fire escaped from the engine and set out the fire that did the damage would not entitle plaintiff to recover. The jury returned a verdict for plaintiff in the sum of one hundred dollars. From the judgment on this verdict the defendant appeals.

The law governing this class of cases is so well settled in this state that it is only necessary to lay this case alongside of the most recent decisions of this court in order to dispose of the appeal. It is claimed by defendant that the petition fails to state a cause of action. That objection is answered by a reference to the case of *Palmer v. R. R.*, 76 Mo. 217, in which a petition almost identical with this, was held to be sufficient. As the principal ground of objection to the action of the court below, it is urged that the only pretended case of negligence stated in the petition consists of negligently running and controlling the engine so as to permit fire to escape ; and that negligence in failing to provide a properly constructed and equipped engine is not mentioned at all, and that it was error in the court to submit any such issue to the jury. The ability and ingenuity with which the objection is argued by the counsel for the defence go so far towards demonstrating its logical correctness, that I would be inclined to approve it and reverse the case, if I were not satisfied that no practical good could result from such action, and that no actual injus-

tice has been inflicted upon the defendant in the rulings of the court below, or in the verdict of the jury. It was at one time intimated in this state that the fact that fire was permitted to escape from a passing engine and consume the property of another, was not a fact from which negligence could be inferred. *Smith v. R. R.*, 37 Mo. 287. But the language and reasoning of the case containing this intimation has been denied, and it is now the settled doctrine of this state that the sole fact of fire escaping from a passing engine and burning the property of another raises a *prima facie* case of negligence against the company which provides and operates the engine. The citizen whose property is consumed is not in a position to easily ascertain whether the engine emitting the fire is properly constructed or equipped, or whether it is properly managed and controlled at the instant of the injury. Its swift transit affords no opportunity for inquiry or investigation. The facts of care and diligence which go to exempt the road from liability are peculiarly within the knowledge and command of its officers and managers. Accordingly the burden of rebutting and disproving the negligence which the escape of fire implies is placed upon the company, where it naturally belongs. This *prima facie* case of negligence can be rebutted by evidence that the engine from which the fire escaped was properly constructed and equipped, and that it was operated carefully and skilfully by competent employes. Such I understand to be our present law. *Fitch v. R. R.*, 45 Mo. 322 ; *Bedford v. R. R.*, 46 Mo. 457 ; *Coates v. R. R.*, 61 Mo. 38 ; *Haley v. R. R.*, 69 Mo. 614 ; *Poeppers v. R. R.*, 67 Mo. 716 ; *Kenney v. R. R.*, 70 Mo. 244 ; *Palmer v. R. R.*, 76 Mo. 217 ; *Redmond v. R. R.*, 76 Mo. 550.

It must follow from the law of these cases that the pleader in bringing his action need state only the substantive facts that the fire was negligently permitted to escape and burn the plaintiff's property. It is, therefore, unnecessary for him to allege that the fire escaped by

reason of negligence in providing a safe engine, or negligence in operating the engine provided. Such allegations are superfluous, because the substantive fact of an escape of fire from it, so as to ignite neighboring property implies that the negligence must have happened in either or both of the two ways alluded to, viz.: in providing safe engines or in operating them. The allegation of the substantive fact in the petition advises the company of the necessity of repelling the inference of negligence by proof that the engine was properly constructed and that it was skilfully operated, thus leading to the conclusion that the accident was unavoidable and not the result of negligence. A pleader only runs the risk of narrowing the basis of his case when he goes beyond the necessary and substantive fact and indicates that the fire escaped by reason of negligence in operating an engine, and says nothing about any negligence in providing one properly constructed and equipped. The petition in this case is open to this objection and criticism.

But there are two reasons which forbid a reversal of the case on this account. The first one is that petitions identical with this one, so far as this point is concerned, have been treated as including within their scope and meaning negligence in providing machinery, as well as negligence in operating it, and as sufficient to put the defendant upon proof of care and diligence in both respects in order to repel the inference of negligence. *Palmer v. R. R.*, 76 Mo. 217; *Redmond v. R. R.*, 76 Mo. 550; *Kenney v. R. R.*, 70 Mo. 253. The other one is that the defendant at the trial was, without objection from plaintiff, allowed to introduce all its evidence in respect to the perfection and efficiency of its engine, as well as the care and skill with which it was operated. It thus appears that the material issue of negligence, which lies at the basis of this class of cases, in its unrestricted scope and meaning, went to the jury and was tried by the jury, and I do not think it would be just for the appellate

court to reverse the case so that the plaintiff might widen his petition to conform with the proofs admitted in the case, and compel the lower court to try the identical issue again. There is no reason to presume that this correction would produce a different result at another trial. And while this action might perhaps be a proper tribute to the logic of the law, I am satisfied that it is not required by the justice and merits of the case.

The instructions given in this case seem to follow the language of instructions which have been approved in several cases of the same character, and I see no material objection to them. The request of the defendant to instruct, as a matter of law, that the plaintiff's case of negligence was rebutted by the defendant's evidence, was properly refused. The evidence of plaintiff in chief and in rebuttal made considerable more for him than the bare fact that fire escaped and burned his property. There were other facts tending to strengthen the *prima facie* case, which I need not stop to rehearse. Under the decisions of this court the issue was properly submitted to the jury. *Palmer v. R. R.*, 76 Mo. 217; *Kenney v. R. R.*, 70 Mo. 243. The request of defendant that the jury be instructed to find for defendant if the fire escaped from the smoke-stack instead of the fire-box or ash-pan, was not erroneously refused. It is true, that the place of escape from the locomotive engine is alleged in the petition to have been the ash-pan and fire-box. The negligence on trial related to the locomotive engine, in providing and operating it. Whether the fire escaped from it through the ash-pan or through the smoke-stack, is immaterial, unless the defendant has been prejudiced by the supposed variance. It was the locomotive engine in both events, and these are only different parts of it. That defendant has not been prejudiced by the supposed variance is apparent from the record. It seems to have accepted the escape of sparks from the smoke-stack as within the issue on trial, and, without objection from plaintiff, it submitted testimony tending to controvert

the fact, by proving that the smoke-stack was of the most approved pattern, and that sparks did not escape from it. The plaintiff submitted no evidence expressly bearing upon the point, but rested upon the facts recited by us as tending to prove that the fire was caused by defendant in providing and operating its engine. The defendant could not have had a fairer trial, on the issue, than it has had, if the petition at the trial had been so amended as to have expressly charged an escape from the smoke-stack. Under these circumstances it will not do to reverse the judgment and remand the cause so as to afford the defendant to have a benefit and advantage which it has already received. There is nothing in the case upon which a different result could be predicated.

Upon the whole I am of the opinion that the judgment should be affirmed. The other commissioners concurring, it is so ordered.