## Texas & Pacific Railway Company v. Rice Brothers.

### Decided November 3, 1900.

**1. Measure of Damages—Injury to Turf and Land.**

While the general rule is that injury to the turf is injury to the land, and that the measure of damages is the difference in the value of the land before and after the injury, yet where the allegations and proof are as to damages resulting from the diminished power of the turf to produce grass for pasturage purposes the succeeding year, it was proper for the court to charge as the measure of damages resulting from a fire the value of the grass burned, and such additional damages as would compensate plaintiff for the injury done thereby to the turf.

**2. Charge Not on Weight of Evidence—Negligence—Sparks from Engine.**

In an action of damages for injury to grass by fire set out by sparks escaping from a railroad engine while being operated on the road, evidence of a fire under such circumstances shows a prima facie case of negligence on the part of the railway company, and a charge so instructing the jury is not on the weight of evidence. Following Railway v. Johnson, 92 Texas, 591.

Appeal from Mitchell. Tried below before Hon. W. R. Smith.

*Bidwell & Stennis,* for appellant.

*Matlock, Cowan & Burney,* for appellees.

HUNTER, Associate Justice.—This suit was brought by appellees to recover of appellant damages for burning the grass and also thereby injuring the turf on about 6400 acres of land included in a large inclosed pasture situated in Howard County, the lands of which were held partly by one of the appellees as owner and partly under lease for a term of years, and used by them in their partnership business only for grazing cattle and horses, appellees, at the time, having about 800 head of cattle running in said pasture. The fire occurred on the 26th of August, 1899.

The negligence alleged was that appellant did not have its engine which set out the fire properly equipped so as to prevent the escape of sparks, and it was not at the time skillfully and properly handled. As another act of negligence it was also alleged that appellant allowed

combustible material to accumulate on its right of way, and that the fire caught in that, and by force of the wind spread to appellees' lands.

The appellant did not demur to the petition, but pleaded a general denial, and specially that all of its engines were, at the time the fire occurred, "supplied with the best and most approved appliances to prevent the escape of fire and cinders from its engines. Said appliances were in good condition and repair and said engines were operated and handled by competent and skillful engineers with proper care and prudence."

The case was tried by a jury and verdict and judgment were in favor of the appellees for $1600, from which this appeal is taken.

The evidence tended to establish that the fire was set out by sparks which had escaped from an engine of the appellant, and that it did not start on appellant's right of way, but started about eighteen or twenty feet north of the north line of the right of way, which at this place extended fifty feet on each side of the railroad from the center of the track. The jury found specially that the fire did not catch on the right of way. The appellees' evidence also tended to establish all the material allegations in their petition, and the appellant's was sufficient to establish the facts set out in its special answer. In this conflicting state of the evidence we find, as it is our duty, that the verdict is sustained by the evidence.

After verdict appellant moved the court to render judgment in its favor non obstante veredicto, and the refusal of the court to grant this motion is made the ground for the first assignment of error. There was no error in overruling the motion. The evidence was sufficient to establish that the fire was set out by sparks emitted from the engine of appellant, and the fact that it started about sixty-eight feet from the track warranted the jury in finding that either the appliance used for arresting sparks was not of the most approved kind, or that the same was not in good order and repair, or that the engine was not carefully and skillfully handled at the time. For, while some of appellant's witnesses testified that such were the facts, others of them proved that under such conditions the sparks would not have set fire to the grass sixty-eight feet from the track. It matters not that appellant proved that no appliance in use would entirely prevent the escape of sparks, if the one in use was not in good order, or the engine not properly and carefully handled at the time on account of which the fire occurred, as the substantive fact proved that the fire was set out by sparks thrown sixty-eight feet from the track, warranted the jury in finding. Railway v. Baugh, 43 S. W. Rep., 557; Railway v. Hanna, 53 S. W. Rep., 1; Palmer v. Railway, 76 Mo., 217; Hagan v. Railway, 86 Mich., 615; Slosson v. Railway, 60 Iowa, 215; 13 Am. and Eng. Enc. of Law (new ed.), p. 506, note 3.

The court charged the jury to find the market value of the grass burned at the time and place it was destroyed, if it had a market value, etc., and then added: "And if you find that the turf, from which the grass was burned, was injured by said fire, you will find for the plaintiff such additional damages, if any, as the evidence may show will compensate plaintiffs for such injury to the turf."

The objection assigned to this charge is that the proper measure of damages is not given; that injury to the turf being injury to the land itself, the true measure of damages is the difference in the market value of the land immediately before the injury and immediately thereafter. This is the general rule, but in this case, where the allegations and proof were as to damages resulting from the diminished power of the turf to produce grass for pasturage purposes the succeeding year, we think the court's charge was correct, and the rule as given therein more appropriate to the case alleged and proved than the rule contended for would have been. Railway v. Jagoe, 32 S. W. Rep., 717; Railway v. Wallace, 74 Texas, 581; Railway v. Jones, 21 S. W. Rep., 145.

The fourth assignment is overruled for the reason given for overruling the first, as they relate to the same supposed error.

At the request of appellees the court charged the jury, in effect, that if they believed from the evidence the sparks of fire escaped from defendant's engine and set fire to the grass adjacent to defendant's line of railway, and it spread therefrom to plaintiffs' land, and thereby set fire to and burned off the grass thereon, as alleged in plaintiffs' petition, and that plaintiffs were thereby injured, then such facts constitute a prima facie case of negligence against the defendant, which, in the absence of rebutting evidence sufficient to overcome such prima facie case, entitle the plaintiffs to recover.

"But if you further believe from the evidence that the engine from which such sparks escaped was equipped with the most approved spark arrester in use, and that such engine was operated at the time in a skillful manner so as to avoid the escape of fire as nearly as could be by the use of reasonable care, then you are instructed that the prima facie case arising from the mere fact of setting out the fire by sparks from said engine is rebutted, and if you so find you will find for defendant. If, from a consideration of the evidence, the defendant has failed to show that the engine was at the time of the fire equipped with the most approved spark arresters in use and was in good repair and skillfully handled in reference to preventing the escape of fire, then the prima facie case made out by proof of sparks escaping and causing the fire (if so proved) has not been rebutted."

Appellant assigns error to this charge upon the ground that it is upon the weight of the evidence. We can answer the objection made no better than to quote the counter-proposition of the learned counsel for the appellees: "As a general rule of practice it is not permissible for the court to instruct the jury that proof of certain facts will establish the fact of negligence, upon which the action may be maintained; but in this class of actions a different rule has been established by the Supreme Court of this State, and the charge above given in substance is not subject to the objection that it is upon the weight of the evidence." Railway v. Johnson, 92 Texas, 591.

The judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error refused.