## FRED ENGLAND & COMPANY, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, November 6, 1905.

1. **RAILROADS: Fires: Evidence.** Evidence is found sufficient to warrant an inference that the engine passing on a railroad track fired a building within eight feet of the track.

2. ————: ————: **Lessee: Intruder.** Though parties are in possession of a building contrary to the terms of a lease held by a third party from the defendant railroad, still the railroad, under section 1111, Revised Statutes 1899, will be liable to such parties for goods consumed by a fire communicated to the building by the railroad.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Geo. S. Grover* and *Edward Higbee* for appellant.

(1) There was complete failure of proof of the material allegation in the petition, upon which alone, if at all, the plaintiff was entitled to recover. Gibbs v. Railroad, 104 Mo. 276; Campbell v. Railroad, 121 Mo. 341; Conner v. Railroad, 181 Mo. 411; Galm v. Railroad, 87 S. W 1015. (2) The plaintiffs are not entitled to recover in this action, either as assignees, sublessees or

partners of C. R. England. Nor can C. R. England or the plaintiffs, or either of them, recover in this action, under this license or otherwise, on account of an express violation of the terms of that instrument. Farwell v. Easton, 63 Mo. 449; Milligan v. Hollingsworth, 99 Fed. 216. (3) If liable at all to the plaintiffs in this action, the defendant, in any event, would only be liable, as lessor, for negligence. There is neither allegation nor proof of any negligence on the part of defendant on the occasion here under review. Gordon v. Peltzer, 56 Mo. App. 599; McCarthy v. Fagin, 42 Mo. App. 619; Thomas on Negligence, pp. 694, 695, and cases cited. (4) This is not an action under section 1111, Revised Statutes, and therefore that law has no application to it. This is solely an action *ex contractu*. Even if the relation of defendant to plaintiffs had been that of bailor and bailee, this action could not be maintained. Blackwood v. Railroad, 162 Mo. 455.

*C. C. Fogle & Sons* and *Geo. N. Davis* for respondent.

(1) Each railroad corporation owning and operating a railroad in this State shall be responsible for damages to every person and corporation, whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation. R. S. 1899, sec. 1111. (2) The fire escaped from the engine of the defendant, and set the building on fire, and plaintiffs' goods were destroyed by said fire. The evidence sustains the above proposition. Toppey v. Railroad, 64 Mo. App. 382; Kinney v. Railroad, 70 Mo. 243; Kinney v. Railroad, 80 Mo. 578; Mathews v. Railroad, 121 Mo. 298; Campbell v. Railroad, 121 Mo. 340; Alexander v. Railroad, 37 Mo. App. 69; Voegli v. Marble & Granite Co., 36 Mo. App. 678; Walker Bros. v. Railway, 68 Mo. App. 465; Redmond v. Railway, 76 Mo. 550; Wright v.

Railroad, 107 Mo. App. 209; Sappington v. Railroad, 14 Mo. App. 86. (3) The plaintiff is entitled to every reasonable inference of facts in his favor, that can be drawn from the evidence. Jackson v. Ins. Co., 27 Mo. App. 62; Grant v. Railroad, 25 Mo. App. 227; Higgins v. Railroad, 43 Mo. App. 547; Field v. Railroad, 46 Mo. App. 449; Voegli v. Marble & Granite Co., 56 Mo. App. 678; McKnown v. Craig, 39 Mo. 156; Kelly v. Railroad, 70 Mo. 604; Charles v. Page, 87 Mo. 45; Noeninger v. Vogt, 88 Mo. 589; Twohey v. Fruin, 96 Mo. 104; Alcorn v. Railroad, 108 Mo. 179; Frank v. St. Louis, 110 Mo. 516; Railroad v. Stout, 17 Wallace (U. S.) 663, 664. (4) Defendant was an insurer of plaintiff's property against loss by fire escaping from its engine. Blackman v. Railway, 162 Mo. 462. (5) The lease between defendant and Charles England does not release defendant from liability to the plaintiffs for the loss of their goods burned by fire escaping from defendant's engine. Blisvell v. Railroad, 13 N. E. 373; Walker Bros. v. Railway, 68 Mo. App. 465.

BROADDUS, P. J.—The plaintiffs claim that their goods and chattels were destroyed on the 9th day of December, 1904, at Glenwood, Missouri, by fire communicated by one of defendant's locomotive engines. The petition alleges that the goods were in a certain house belonging to defendant company, which had been leased to C. R. England by said company for a period of five years to be used and occupied for hotel purposes.

The answer of defendant, after a general denial of the allegations of the petition, among other defenses, sets up: That the house in question was leased to the said C. R. England to be occupied only as an eating house, that by the terms of said lease it was not assignable, and it was further provided that said premises should not be sublet by the lessee without the written consent of defendant; that, shortly after the making of said lease, in addition to an eating house, the said les-

see, without the knowledge or consent of defendant, opened up a hotel in said building, and continued to conduct it as such without its consent or knowledge until it was destroyed by fire; and that, if plaintiffs had any interest in said hotel, or the management thereof, or the furniture therein destroyed by fire, they were so in possession of said building and so conducting said hotel and eating house as assignees or subtenants of said lessee in violation of the terms of said lease, at their own hazard, and the defendant is not liable to plaintiffs for the loss of said goods by fire as claimed in the petition.

The trial resulted in a verdict and judgment for plaintiffs and defendant appealed.  The first contention of defendant is that there was a failure of proof on the material allegation of the plaintiffs' petition that their goods were destroyed by fire communicated by its locomotive engine.  Second, that the action is one arising solely on contract and not on section 1111, Revised Statutes 1899.

It was shown that defendant maintained a depot at Glenwood Junction, a short distance north of which the building in question was situated.  The main track of defendant's railroad is located on the west side of said depot, and runs north and south within about eight feet of the building in question.  The building was entirely of wood, covered with shingles, which were old and had become dry in consequence of a protracted drought.  The Burlington railroad also had a track located on the east side of the depot and said building.

On the night of the day in question at about 11:44, one of defendant's passenger trains passed south over its track and at about the same time a Burlington passenger train passed on its track.  Shortly after the passage of these two trains, a heavy freight train of defendant passed over its track, throwing out sparks of fire in great quantities.  There was no fire discovered by the night watchman of the two railroads after the passage

of the two passenger trains. A witness by the name of Lonis called the watchman's attention to the fire. Immediately prior to the arrival of the freight train, a witness in the case made search of the premises to ascertain if there was any fire about them. In a short time after the freight train had passed, a witness living nearby saw the roof of the coal shed, a few feet north of the building, on fire. The fire was communicated to the building, in which were plaintiff's goods, and all the goods were destroyed. It was also shown that a moderate breeze was blowing from the southwest at the time, and that the smokestack of defendant's engine was about equal in height to that of the shed.

Appellant cites us to several cases to support the contention that plaintiffs' evidence does not establish that defendant's engine communicated the fire that destroyed the goods. In Gibbs v. Railroad, 104 Mo. App. 276, it was held that the circumstantial evidence was not sufficient to support the inference that it was sparks that escaped from defendant's locomotive that caused the fire. But that case is different from this in almost every important particular. In this case, the facts proven were sufficient to authorize the inference that the sparks from defendant's engine were the source of the fire that destroyed plaintiffs' goods. The circumstantial evidence was so strong in support of the ultimate fact that it might be said to have been proven beyond a reasonable doubt. In principle, it falls within the rule found in the following cases: Kenney v. Railroad, 80 Mo. 573; Otis v. Railroad, 112 Mo. 622; Redmond v. Railroad, 76 Mo. 550; and numerous other cases.

We find no authority to sustain defendant's contention that the action is one *ex contractu.* The case, however, relied on is that of Blackmore v. Railroad, 162 Mo. 455, where it is held that the statute in question does not apply to goods in the possession of a railroad company for transportation, or held by it at the end of tran-

sit for delivery to the owner; and that the statute was intended to only apply where the loser of property has no other remedy. It is not pointed out that plaintiffs have any remedy other than the statute, and we can conceive of none. The fact that plaintiffs were in possession of the building contrary to the terms of the lease can have no effect upon plaintiffs' right to recover. The only recourse that defendant had against plaintiffs was for unlawful detainer, and whether they were guilty of unlawful detainer is not a question triable in this case. The cause is affirmed. All concur.