EDWARD Y. McCAULEY VS. WILLIAM F. DAVIDSON ET AL.

A complaint which alleges the delivery of goods by the owner to another, and an acceptance by such other, to be carried from one place to another without reward; the loss of such goods by the bailee, and that the loss was occasioned by the gross negligence of the bailee, stating the value of the goods and the damage to the bailor, states a cause of action.

Negligence is a question of fact, or mixed fact and law, and in pleading it is only necessary to aver negligence generally, not the specific facts constituting negligence.

All bailments, whether with or without compensation to the bailee, are contracts founded upon a sufficient consideration.

This is an appeal from an order of the District Court of Ramsey County, overruling a demurrer to the complaint. A sufficient statement of the allegations of the complaint, and the demurrer thereto, appears in the opinion of the Court.

LORENZO ALLIS for Appellant.

The bill of lading on which plaintiff's action is based, shows on its face—

First—That the carriage in this case was gratuitous.

Second—That the goods were carried at the owner's risk.

I.—A carrier without hire, is required to exercise only slight care and diligence, and is liable only for gross negligence. He is not subject to the responsibilities and liabilities of common carriers, nor even to those of private carriers for reward. *Angell on Carriers, Sec.* 17, *et seq., pp.* 19, *et seq.; Id. Sec.* 45, *p.* 48.

There are no facts alleged in the complaint which would fix liability in this case on the defendants, viewed as mere carriers without hire.

McCauley v. Davidson et al.

II.—But even common carriers may limit their liabilities by express contract. *Story on Bailments, sec. 549, et seq.; N. J. St. Nav. Co. vs. Merchant's Bk. of Boston,* 6 *How.,* 344 ; *Dor. vs. N. J. Steam Nav. Co.,* 1 *Kern.,* 485 ; *Parsons vs. Monteath,* 13 *Barb.,* 353 ; *Moore vs. Evans,* 14 *Barb.,* 524 ; *Merchants' Ins. Co. vs. Calebs,* 20 *N. Y.,* 173 ; *Wells vs. N. Y. C. R. R. Co.,* 24 *N. Y.,* 181 ; *Bissell vs. N. Y. C. R. R. Co.,* 25 *N. Y.,* 442.

They may agree to carry at the owner's risk, as in the case at bar. *Moore vs. Evans, cited above.*

They may, even, by express agreement free themselves from liability for their own negligence. *Wells vs. N. Y. C. R. R. Co., above cited.*

But it is not necessary in the case at bar to hold to this last extent. The complaint shows no act of negligence or misconduct on the part of the defendants ; it simply shows failure to deliver the goods carried. But since these goods were carried at the owner's risk, the defendants, even if they had carried for reward, and thus been in the condition of common carriers, would not be liable for loss of the goods unless the loss had been directly caused by some negligence or misconduct on their part.

III.—But, finally, inasmuch, as the defendants carried at the owner's risk, and without reward, they were *quoad* the plaintiff's private carriers, without hire. See especially cases 1 *Kern.,* 485, and 24 *N. Y.,* 181, *above cited.*

They were, therefore, liable only for gross negligence. They were in the condition of a depositary without reward.

They were not required even to exercise ordinary care and diligence like that which the law imposes on the private carrier for hire.

They were only called upon to exercise that slight degree of care and diligence which is expected of any depositary without reward.

Now the complaint does not show the want, on the defendant's part, of such slight care and diligence ; nor, indeed, does it show the want of care or diligence on their part, in any degree in the

premises, nor that the loss was caused thereby.    Judgment should be reversed.

SMITH & GILMAN for Respondent.

*By the Court*—McMILLAN, J.—The complaint avers that the defendants on or about the 8th of June, 1861, were common carriers of goods, wares and merchandise, between the ports of St. Paul and LaCrosse; that the plaintiff being the owner of two boxes goods, of the value of $250, delivered the same to the defendants as such common carriers, who accepted and received the same on board of a certain steamboat called the Frank Steele, then belonging to the defendants and lying at the port of St. Paul, to be by said defendants safely, securely, and in a reasonable time carried for the plaintiff from said port of St. Paul to the port or town of LaCrosse, &c., and to be there safely, securely and in a reasonable time delivered by said defendants, their agents and servants, for plaintiff, to one H. J. Rumsey, and at the time of said delivery of said goods said defendants made and delivered to the plaintiff a bill of lading of said boxes and goods, which is set forth in the complaint, and is in the usual form.    That though more than said reasonable time has elapsed for the delivery of said boxes and goods, yet said defendants have not delivered said boxes and goods, nor any of the same (except only one of said boxes) to said H. J. Rumsey at LaCrosse, nor to any other person, nor at any other place, for this plaintiff, but hath wholly failed and neglected so to do, nor has the plaintiff ever received the same nor any portion thereof, whereby one of said boxes and the goods therein contained, consisting of books and other things, and being of the value of one hundred and twenty-five dollars, have become wholly lost to the plaintiff, to his damage one hundred and twenty-five dollars, with interest from the first day of July, 1861, nor was said loss and damage occasioned by fire or the dangers of navigation, nor by collision, but by and in consequence of the gross negligence and carelessness of said defendants and their said agents and servants, wherefore the plaintiff prays judgment.

The defendants demur to the complaint. The only question raised by the demurrer is whether the complaint states facts which constitute a cause of action. The complaint does not aver a compensation for carrying the goods, on the contrary it expressly appears from the bill of lading that they were to be carried without reward. But the complaint avers the delivery of the goods to the defendants, and an acceptance of them by the defendants, to be transported for the plaintiff from St. Paul to LaCrosse under the special agreement set forth in the complaint.

A mandate, says Kent, is where one undertakes without recompense to do some act for another in respect to the thing bailed. The facts stated in the complaint clearly constitute, at least, this species of bailment. All bailments, whether with or without compensation to the bailee, are contracts founded on a sufficient consideration. It is not necessary to constitute a sufficient consideration to support the contract that the bailee should derive some benefit from it. It will be sufficient if the bailor on the faith of the promise parts with some present right, or delays the present use of some right, or suffers some immediate prejudice, or detriment, or does some act at the bailee's request. *Story on Bailments, sec.* 171 *a.*

The question of compensation may be important in determining the extent of the rights or obligations of the respective parties, or the class of bailments in which a particular transaction is embraced, but is not essential to the existence of the contract itself.

A mandatary, in the absence of any express agreement, as the contract is wholly gratuitous, and for the benefit of the mandator, is bound only to slight diligence, and responsible only for gross negligence. *Story on Bailments, sec.* 174. This general responsibility may be varied, however, by a special contract of the parties, either enlarging or qualifying or reavowing it; and in such cases the particular contract will form the rule for the case. *Id., sec.* 182 *a.* In this case the parties have seen proper to make a special agreement, which is set forth in the complaint. This is in the form of an ordinary bill of lading, and acknowledges the receipt of the goods in good order and well conditioned, and by its

terms the defendants agree to deliver them "in like good order and condition as addressed on the margin, or to his or their consignees or assigns, (unavoidable damages of fire, navigation and collision *only* excepted), upon paying the freight and charges as noted below: privilege of lighting, towing or reshipping." We have seen that the delivering and acceptance of the goods is a sufficient consideration for this contract. The defendants have seen proper by this agreement to enlarge their responsibility as mandataries so as to exclude only the unavoidable dangers of fire, navigation and collision. The complaint expressly avers the loss of the goods, and that the loss was not occasioned by fire or the dangers of navigation, nor by collision, but by and in consequence of the gross negligence and carelessness of said defendants and their agents and servants. We think the complaint avers a breach of the contract set up in the complaint.

But independent of the special contract, conceding the position of the defendants' counsel that the facts constitute the defendants merely private carriers without reward, we cannot see why the complaint does not state facts sufficient to constitute a cause of action. Negligence is a question of fact, or mixed fact and law, and in pleading it is only necessary to aver negligence generally, not the specific facts constituting negligence. *Oldfield vs. N. Y. & Harlem R. R. Co.*, 4 *Kernan*, 314; *Ware vs. Gay*, 11 *Pick.*, 106; 2 *Ch. Pl.*, 334, 343; *Id.*, 653, *and note d; 2 Greenl. Ev.*, *sec.* 210, *note* 2.

The complaint in this instance alleges the delivery of the goods, and acceptance by the defendants; the loss of the goods, and that the loss was occasioned by the gross negligence of the defendants, &c. The defendants' counsel concedes the liability of the mandatary in case of a general mandate, for gross negligence, and this, we think, is sufficiently averred. In either aspect of the case, therefore, we think the complaint states a cause of action.

The order overruling the demurrer is affirmed.