Louisville & Nashville R. R. Co. v. Wolfe.

CASE 18—ORDINARY—FEBRUARY 16, 1882.

# Louisville & Nashville R. R. Co. v. Wolfe.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. Negligence is the ultimate fact to be pleaded, and forms a part of the act from which an injury arises. It is the absence of the care in the performance of an act, and not the result of such absence. It is not, therefore, a conclusion of law, and may be pleaded generally.

2. The facts admitted by the pleadings, and established by proof, show that appellant's original act of negligence in permitting the opening in the floor of appellant's platform to remain out of repair, made it impossible for appellant, or its agents, to be aware of appellee's peril in time to avoid the injury.

3. The first instruction was given at the instance of appellant, and therefore no complaint can be made.

FELAND & SEBREE AND W. LINDSAY FOR APPELLANT.

The effect of the contributory negligence of appellee cannot be avoided, unless it be shown that appellant, after becoming aware of the perilous situation of appellee, could, by the use of ordinary care, have prevented the injury. Appellee's reply fails to deny that he had full knowledge of the defect in the platform, and he sets forth no good reason why he fell into it. The instructions were error. (L. & N. R. R. Co. v. Collins, 2 Duv., 507; 4 Bush, 495; 5 Ib., 1; 6 Ib., 574; Lou., Cin. & Lex. R. R. Co. v. Mahoney, 7 Ib., 235; 13 Ib., 636; 9 Ib., 81; 10 Ib., 263; 12 Ib., 41; Sherman & Redfield on Negligence,

Louisville & Nashville R. R. Co. v. Wolfe.

525; Redfield's American Railway Cases, 499; 11 East, 60; 24 Md., 84; 6 Hill, 282; 24 Ver., 487; 22 *Ib.*, 213; Redfield on Railways, sec. 193; 31 Md., 357; 25 Mich., 274; 21 Wis., 256.)

PETREE & LITTELL for appellee.

It results from admitted facts that a dangerous hole existed in appellant's platform, and had so existed for months, known to appellant's agent, which caused the injury. The negligence was willful. (Sherman & Redfield on Negligence, sec. 11; Lou. & Portland Canal Co. v. Murphy, 9 Bush.) When the material facts are admitted, the question of negligence is a question of law. (Dolfinger v. Fishback, 12 Bush, 478; Am. Rep., 640; Board Int. Imp. Shelby Co. v. Scearce, 2 Duv., 577.)

JUDGE HARGIS delivered the opinion of the court.

It is alleged in substance by the appellee that there was a hole in the platform connected with appellant's depot; that the opening, and its dangerous character, were known to the appellant, but it negligently, wantonly, and willfully failed and refused to repair it, and while removing a box of freight from said depot to his wagon, having necessarily to pass over said hole, he fell into it, and broke the left patella or knee-cap of his leg, for which he prayed damages.

From a judgment, upon a verdict of $2,000 in favor of appellee, the appellant prosecutes this appeal, and raises the question, first, upon the pleadings, that the facts constituting contributory negligence, which it pleaded, were not denied, and therefore no verdict or judgment should have been rendered in appellee's behalf.

The allegation of the answer is, "that the plaintiff had full knowledge of said defect, and with his eyes wide open, and in open broad daylight, walked into said hole, and by his own negligence contributed to said injury, and thereby he alone is responsible for his misfortune."

To this the appellee replied, that "the plaintiff, Wm. R. Wolfe, for reply to defendant's answer, denies that he was

guilty of any negligence at or before the time of the injury complained of in his petition, or that he contributed in any way by his negligence to the occurrence of said injury. He denies that defendant is relieved from responsibility for their gross and willful neglect by reason of any negligence on the part of the plaintiff."

It is contended by counsel that the reply fails to deny the substantive facts constituting contributory negligence, and only traverses the averment of negligence, which is but denying a legal conclusion.

The error in this position lies in the assumption that the allegation of negligence is a mere legal conclusion, and that the supposed substantive facts constitute contributory negligence, neither of which is true.

Negligence is the ultimate fact to be pleaded, and it forms part of the act from which an injury arises, or by which contributory negligence is made out. It is the absence of care in the performance of an act, and is not merely the result of such absence, but the absence itself, and it is not, therefore, a mere conclusion of law, and may be pleaded generally. Although the appellee, with his eyes open and in broad daylight, walked into the "hole," these facts alone would not constitute neglect, but if done intentionally or negligently they would do so. Nor does the fact that the appellee knew the "hole" was in the floor, when added to those named, constitute negligence, as want or absence of care must be averred in some form, as it is one of the essential facts necessary to such a defense.

The issue formed by the reply was material. (42 Iowa, 378; 34 Mo., 235; 14 N. Y., 310; Bliss on Code Pleading, sec. 211.)

Louisville & Nashville R. R. Co. v. Wolfe.

It is urged that the proviso to the second instruction was erroneous, because the appellant could not have been required to use ordinary care, or held to responsibility for a failure to do so, unless it failed to use such care after being aware of plaintiff's danger.

Many authorities are cited to sustain this view, but none of them are applicable to the state of facts before us. Where an accident or injury has been caused by the concurring and approximately simultaneous fault of both parties, neither can recover from the other, unless the latter, after being aware of the peril, could, by the exercise of ordinary care, have avoided the injury, or the neglect was either willful or gross.

But in this case the facts admitted by the pleadings, and clearly established by the evidence, show that the appellant had, by its original act of negligence in permitting the opening in the floor to remain out of repair, rendered it impossible for it or its agents, who were not present, to become aware of appellee's peril in time to avoid the injury to him. It was, therefore, correct to instruct the jury that the ordinary care requisite to avoid the injury must have been exercised by the appellant, with reference to the original and continuing act of negligence, which existed before, and was the proximate cause of, the accident by which appellee's knee-cap was broken and his leg injured.

These views obviate the necessity of discussing instruction No. 4, which was asked by appellant, and refused by the court, as it is opposed to the exposition of the law given in this opinion.

The third instruction confines the jury strictly to compensatory damages, and we have not been shown any error even in its verbiage, and certainly not in the law embraced

by it. As to the first instruction, no objection was made or exception taken to it, and it was given at the instance of appellant, whose criticism of it cannot therefore be considered by this court.

We may suggest, however, that the clause objected to refers to negligence generally, and not to any special kind of negligence, and says "it (negligence) may be gross or wanton, and yet not intentional." This seems to be correct, and what the instruction really means.

Wherefore, the judgment is affirmed.