Haynes, J.
This is a petition in error filed to reverse the court of common pleas in an action brought by Charles S. Callan against the defendant, The Golley & Finley Iron Works.
The case is brought before us on the record which includes a bill of exceptions. The bill of exceptions shows there were three exceptions taken during the progress of the trial to questions which were propounded to the witness by the plaintiff below.
It is sufficient to say that we have examined these questions and are of the opinion that there is no such error that requires the interposition of this court in regard to them.
The main question of the case is whether the petition states facts sufficient to constitute a cause of action.
A demurrer was interposed in the court of common pleas to the petition, and that demurrer was overruled, and thereafter an answer was filed by the defendant, and the case went to trial and a verdict was rendered in favor of the plaintiff below.
I will read the petition : “The plaintiff, Charles C. Callan, says that the defendant is a co-partnership formed for the purpose of and doing business in the state of Ohio and not incorporated, and that the firm-name is The Golley & Finley Iron Works. That on or about the 7th day of April, 1893, plaintiff was in the employ of said defendant in its shop at Cygnet, Ohio, in the capacity of helper to the workmen then and there employed by the defendant in repairing boilers and other *218 like service, and the plaintiff was then and there under charge and direction of one John J. Hartican, the foreman and superintendent of defendant’s said workmen, shop and business, and the plaintiff being directed by said superintendent so to do, and having no knowledge or warning of the danger thereof, helped said workmen about cutting the heads off the stay-bolts of a certain boiler, then and there being repaired, which said boiler said John J. Hartican had then and there carelessly and negligently caused and permitted to lie in an improper and dangerous position for said work, and for the workmen engaged thereon, and by reason of the said negligence of said John J. Hartican in so directing said plaintiff to perform said service while said boiler was lying in said position, whereby said work was made dangerous as aforesaid. And while plaintiff was so engaged in said work under the direction of said John J. Hartican, a piece of metal was detached from the head of one of the stay-bolts, and with great force, violence and swiftness, struck and penetrated plaintiff’s right eye, causing him great pain and permanently destroying the sight of the eye, and causing him to lose much time and labor and wages, amounting to sixty dollars, and to be obliged to pay surgeons’ bills and other necessary expenses in efforts to get cured, amounting to forty dollars, and causing other loss and damage, amounting in all to five thousand dollars.
“Wherefore plaintiff prays that he may recover from said de- * fendant said sum of five thousand dollars, his said damages so as aforesaid sustained.”
We have examined this petition with a good deal of care, and it has caused us considerable discussion. This court likes to see a good pleading, in which the facts are clearly stated and sufficient to constitute a cause of action.
In the case of Coal & Car Co. v. Norman, in 49 Ohio State Reports, page 598, the case in which the Supreme Court reversed the case for insufficiency of pleading, the court says: “The servant, in order to recover for defects in the appliances of the business, is called on to establish three propo *219 sitions: 1st, That the appliance was defective. 2d, That the master had notice thereof, or knowledge, or ought to have had. 3rd, That the servant did not know of the defect, and had not equal means of knowing with the master, and it is elementary in the law of pleading that whatever a party is required to prove in order to make out his claim must be averred.”
The code provides that the plaintiff must set out the facts (in a plain and concise manner) which constitute his cause of action.
Now, the plaintiff has averred in this case, “ that he was a helper to the workmen employed in the shop of the defendant, in the repair of boilers and other like services; that he was under the charge and direction of John J. Hartican, the foreman and superintendent of the workmen and business, and that being directed by said superintendent so to do, and having no knowledge or warning of the danger thereof, helped said workmen about cutting the heads off of the stay-bolts of a certain boiler then and there being repaired, which said boiler said John J. Hartican had then and there carelessly and negligently caused and permitted to lie in an improper and dangerous position for said work.”
Now, that of course is his first item of charge against the-defendants; that is, that they did allow the boiler on which he was to work to lie in an improper and dangerous position for said work; and he further says: “that by reason of said negligence of said John J. Hartican, in so directing said plaintiff to perform said service while said boiler was lying in said position, whereby said work was made dangerous as aforesaid, and while plaintiff was so engaged in said work, under the direction of said John J. Hartican, a piece of metal was-detached from the head of said stay-bolts.”
Now, he has alleged that the boiler had been placed in an improper position for the work and for the workmen engaged upon it, and that he was directed by Hartican to work upon that boiler, and that he was injured by the negligence of Har *220 ti can in directing him to perform such service while said boiler was lying in said position, whereby said work was made dangerous as aforesaid, and while he was so engaged in said work a piece of metal was detached from the head of one of said stay-bolts, and with great force, violence and swiftness struck and penetrated his right eye, destroying the sight of the same.
These averments, if you notice, are all of them a sort of recitation instead of the better and clearer way of averment. But passing that by, the objection is made, and the objection is, that the petition does not set out the manner in which the worlc was to be done under the direction of the foreman; and secondly, that the detaching of the piece of metal, and the flying of the same against the eye of the plaintiff, was the result of the imperfect and improper manner in which the boiler was placed.
It is argued on behalf of the plaintiff in error, that they had no knowledge from that petition of the line of evidence that was to be followed by the plaintiff in establishing his case. That as a matter of fact, when he came to place his case before the jury, he offered evidence tending to show that what he was ordered to do was to stand upon this, boiler while the work was being performed, which brought him in a position where he was directly over the worlc; and that in the performance of that work Hartican himself held an instrument or chisel, known as a “ set,” against the stay-bolt, while plaintiff was required to strike the “ set ” with a sledge-hammer — the work being done was the loosening and taking out of a firebox of a boiler.
He furthermore offered testimony tending to show that in performing this kind of work slivers were liable to become detached and fly in different directions, and especially that the tendency was to fly at right angles to the surface of the boiler from which the bolt was being cut, and that by reason of the fact that he was placed in the position he was, the danger was greatly increased.
*221 He further offered testimony tending to show that the proper way was to have the boiler placed in such a position, that when the chisel was placed and the blow given, that if any slivers should fly, they would fly downward and not strike the person who was giving the blow.
The defendant claims that these facts, constituting the negligence, should have been set forth in the petition, so that it could have knowledge of the line of evidence to be produced.
While it appears that evidence was given tending to prove that line of facts, and that evidence was offered on the part of the plaintiff on this point, the defendant offered a large number of witnesses tending to show that it was equally safe to perform the work in the position in which the boiler was placed.
No objection was made that there was any variance, and the parties went to trial without any exceptions in that regard.
We had, perhaps two or three weeks ago, a ease before us, from Sandusky county. It was a case of negligence against a railroad company, the title of the case being The N. Y., C. & St. L. R. R. Co. v. Kistler, and in connection with the pleadings in that case, the question came up as to the sufficiency of the allegations of the pleading of negligence, and our first impulse was to say that the pleading was defective. We, however, made an examination of the authorities, Judge Scribner making a very thorough investigation, and we were surprised to find that by a large concurrence of authorities that general allegations in a petition are sustained on a demurrer and petition in error, and that the proper method of obtaining a fuller statement is by way of motion to make the petition more definite and certain. See 75 Mo. 295; 77 Mo. 232; 10 Minn. 418; 80 Ky. 82; 15 Fed. Rep. 588; 62 Ala. 494; 57 Ind. 297; 49 Mich. 380; 28 Minn. 69; 25 N. J. L. 381.
' My attention has been called to a case in the 46 Ohio State Reports, at page 34. The first point in the syl *222 labus is this: “ Indefiniteness in pleading should be taken advantage of by motion and not by demurrer; so that where the language of a pleading will fairly admit of a construction that will sustain it as against a demurrer, it should, in the absence of a motion to make definite and certain, be so construed.” In that case Judge Minshall says : “A question arises in limine as to the proper construction of the pleading demurred to the answer and cross-petition of the defendant below. It is claimed that there is no averment that the goods were delivered by the plaintiff as in the performance of the contract of subscriptions to the capital stock of the defendant. The averment is, that under said contract the defendant ‘ applied ’ for the goods charged in the account sued on, and received from the plaintiff said goods under and in performance of said contract. This must, as we think, be held to mean that they were delivered by the plaintiff as claimed by the defendant. They could not otherwise have been received from the plaintiff in pursuance of the contract. The most that can be claimed as to the averment is that it is indefinite. If so, then it should have been raised by motion and not by demurrer.”
Now, really, the averment here is that this boiler was left in a dangerous position for the performance of the work, without stating detail, and that the plaintiff was directed to perform that work, and did proceed to assist the workman who was cutting the bolts, and that while he was so engaged in said work and under the direction of said foreman, a piece of metal was detached that struck him in the eye.
We have, after a full examination of the authorities, come to the conclusion that under these authorities this allegation is sufficient to enable the party to offer his testimony, and we therefore hold that there is no error in the case. We do it with some reluctance, because we are very much of the opinion that pleaders should be careful to lay the foundation of their action correctly and see that they get a full statement of their cause of action, so that the other party may be duly *223 apprised of the case to be made against him. The judgment of the circuit court will, therefore, be affirmed.
Cunningham, Meade & Mowen, and Baldwin & Harrington, for plaintiff in error.
Parker & More, for defendant in error.