CASE 16—PETITION ORDINARY—MARCH 19.

# Chesapeake & Ohio Railway Co. v. Smith.

APPEAL FROM MASON CIRCUIT COURT.

1. PLEADING—CONTRIBUTORY NEGLIGENCE.—In an action to recover damages for the loss, by fire, of a barn and its contents alleged to have been caused by sparks from the locomotive on the railroad, a general plea of contributory neglect by the defendant upon the part of plaintiff is sufficient without specific allegations of the facts in full relied upon to support this plea. In this case the plea is, that the plaintiff was "on the occasion in question guilty of negligence on his part, and that such negligence contributed to the injury complained of by him, and that but for such negligence upon his part the injury would not have happened," and it is held to be sufficient.

2. PRACTICE—PRINCIPAL AND AGENT—EVIDENCE.—The statement of the claim agent of the railroad company, made some time after the injury complained of, that he would pay the claim within sixty days, is not admissible as evidence against the company, neither as an admission of liability upon the part of the company, nor as a part of the res gestae.

WADSWORTH & COCHRAN FOR APPELLANT.

1. The general plea of contributory negligence is sufficient in cases

of this sort. L. & N. R. R. v. Wolf, 80 Ky., 82; Shearman & Redfield on Negligence, secs. 672, 682.

2. It was not proper to permit the appellee to prove the declarations of statement by defendants' claim agent, that appellant would pay the loss, for two reasons. (1.) It did not appear that it was within the scope or authority of the claim agent to make declarations or statements as to what the company would do in reference to such claims, and (2) because such an admission of the officer and agent are not binding upon the principal. Roberts v. Burk, Littell Select Cases, 411; Meacham on Agency, sec. 714; Abbott's Trial Evidence, 44, 492; Packet Co. v. Clough, 20 Wall, 528; Insurance Co. v. Mahone, 21 Wall, 152; Newman's Pleading and Practice, 412; Encyclopedia of Pleading and Practice, vol. 12, sec. 3.

L. W. ROBERTSON for appellee.

1. Contributory negligence is an affirmative defense and must be so pleaded, and such a defense must affirmatively state facts which avoid or render nugatory the facts alleged by the plaintiff in his petition. Favre v. L. & N. R. R., 91 Ky., 54; Louisville & Portland Canal Co. v. Murphy's Adm'r. 9 Bush, 527; Thompson on Negligence, vol. 2, 1246, 1247; White's Adm'r. v. L. & N. R. R., 15 Ky. Law Rept., 49.

2. The grounds for a new trial, on account of the exclusion of competent and the admission of incompetent evidence are too general. The evidence, the admission or rejection of which is complained of, should have been in some way indicated. Jones v. Wochen, 90 Ky., 230; Carlin v. Badd, 11 Ky. Law Rept., 933; L. & N. R. R. v. McCoy, 81 Ky., 403; Ward v. Jones, 11 Ky. Law Rept., 274.

THOMAS R. PHISTER on same side.

1. The statement of loss made out by the appellee, and the conversation and remarks by the claim agent, were parts of one and the same transaction, and therefore competent. The appellant having seen fit to put in evidence part of this transaction for its benefit, the appellee then had a right to call for it all. Thompson on Trials, vol. 1, secs. 412, 481; Savannah, &c. Ry. Co. v. Holland, 82 Georgia, 257.

2. The plaintiff was not sueing on a contract or agreement of appellant to pay his loss, and the statements of the claim

agent were not introduced for the purpose of showing an admission of liability, but merely for the purpose of impeaching his evidence.     Greenleaf, vol. 1, secs. 109, 462; Armstrong v. Commonwealth, 16 Ky. Law Rept.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This case was brought by appellee to recover damages for the destruction of his barn and contents by fire, alleged to have originated from sparks from a locomotive on the appellant's railroad, and resulted in a judgment in favor of appellee for the sum of $800. Appellant seeks a reversal for several alleged errors occurring on the trial.

First, appellant plead as a part of its defense in the action that the appellee, Smith, "on the occasion in question was guilty of negligence on his part, and that said negligence contributed to the injury complained of by him, and that but for such negligence on his part the injury would not have happened."

The plaintiff moved the court to require the defendant to set out the facts in full and specially on which he relied to support this plea of contributory negligence.

Against the contention of the appellant the court sustained this motion, and, upon his refusal to amend as indicated, this defense was stricken from the pleadings.

The question as to whether defense can be made under a plea of general denial, as in this case, or whether the facts must be specially alleged, is not entirely free from difficulties. In fact, it has been ruled both ways in the United States. Generally it may be said that in those States "where it is incumbent on the defendant to plead contributory negligence specially, and where the defense can not be made un-

der a general denial, the trend of authorities is that a general averment that the plaintiff was guilty of negligence which contributed to the injury, and that he could have avoided all damage by the exercise of proper care, is not good; the acts and the facts constituting such contributory negligence should be averred." (See Encycloepedia of Pleading and Practice, volume 5, page 12.)

In the case of the Tennessee Coal Co. v. Herndon (100 Ala., 451), the defendant pleaded contributory negligence in these words: "That the plaintiff's intestate was himself guilty of negligence which approximately contributed to his alleged injury." The court said: "A demurrer was sustained to this plea on the ground that the plea did not definitely state in what the contributory negligence consisted, but merely averred contributory negligence generally."

We have held that under our system of pleadings damage suits consist of but little more than averments of conclusions. Many pleas in form like the one under consideration, have passed this court, but there had been no objection raised against the plea in the trial court, and it would be regarded by us as a plea, in short, by consent.

So in the case of the Phoenix Insurance Company v. Mogg (78 Ala., 301,) the court held: "A plea by defendant which consisted wholly of a conclusion of law, is not sufficient," holding that there should be a succinct statement of the facts relied on as a cause of action.

In the case of Harrison v. the Missouri Railway Company (74 Missouri, 364), after speaking of the duty of defendant to state the specific facts of the negligence complained of, says: "If necessary to state the particular facts constituting

negligence before a railroad company can be made liable for the consequences of negligence, it follows necessarily that, when such company seeks exemption from liability to the party complaining on the ground that the injury complained of was occasioned by the negligence of the other party it should also set up the facts constituting such negligence."

So it has been held in a number of other cases, but the general practice in this State seems to have been to allow the plea of contributory negligence in the general form in which it is relied on here, and seems to rest largely upon the authority of Mr. Bliss in his work on Code Pleading. In section 211 of that work, in pointing out the distinction in pleading fraud and negligence, he says: "To charge fraud it is not enough to say that the party fraudulently procured, or fraudulently did this or that, or committed a fraud; they are but conclusions of law. The facts constituting the fraud must be stated. On the other hand a general allegation of negligence is allowed. Negligence is the ultimate fact to be pleaded, and is not a legal conclusion, as the defendant did run and manage one of their cars in such a careless, reckless and negligent manner that death was caused. The law draws the conclusion in both cases, yet we have seen that negligence possesses more the element of fact than fraud. In fraud the facts are misrepresentation and deceit; the term 'fraud' is a legal epithet applied to such facts. Fraud is not an act; not a thing in itself any more than murder. We say that one is guilty of fraud because he has done so and so; it is the legal conclusion of these facts. But, on the other hand, negligence is not a term

given by law to certain conduct but forms part of the act
from which the injury has arisen.  Specific acts consti-
tuting negligence can seldom be directly shown, but is pre-
sumed from injuries which ordinarily result only from neg-
ligence.  For instance, the driver upsets a coach and breaks
a passenger's arm.  Careful driving will hardly have such
a result; the passenger knows there has been negligence,
but he will not be likely to know in what it consisted.  So
where a locomotive sets fire to fields and buildings along
the track, the sufferer can not state in what the negligence
consists—whether there is a defect in the furnace or care-
lessness in the management—some negligence is presumed
and it must of necessity be alleged generally.  And the same
rules apply to an answer which sets up contributory negli-
gence."

This court took this view in the case of the L. & N. R. R.
Co. v. Wolf, (80 Ky., 82).  The court, in deciding that case,
used this language: "It is contended by counsel that the re-
ply fails to deny the substantive facts constituting contrib-
utory negligence, and only traverses the averment of negli-
gence, which is by denying a legal conclusion.  The error
in this position lies in the assumption that the al-
legation of negligence is a mere legal conclusion,
and that the supposed substantive facts constitute
contributory negligence, neither of which is true.  The
absence of care in the performance of an act is
not merely the result of such absence, but the absence
itself, and it is not, therefore, a mere conclusion of law,
and may be pleaded generally" in an answer, the facts hav-
ing been specifically set out in the petition.  And in many

other cases which have been decided in this court, the plea of contributory negligence was set out substantially as in the amended answer of defendant, and has been held good. There are many ways in cases such as this, in which land-holders may be guilty of such contributory negligence as may defeat recovery for losses sustained. (See Shearman and Redfield on Negligence sections 679 to 682, and Wood on Railways, Minor's edition, 1575 to 1600.

We are, therefore, of the opinion that the court erred in striking this plea from the amended answer. Another ground of error complained of was the admission by court of a statement made by appellee in his testimony before the jury that Patton, the claim agent of appellant, had said that he would settle the claim and would pay it in sixty days; and also in permitting his son-in-law to testify that Patton had said at the time he came to ascertain the causes of the injury complained of that, in his conversation with appellee, "you will likely hear from it in thirty or sixty days; he said that we would be paid for it, and that we would hear from it in sixty days." This testimony was excepted to at the time, and the court allowed it to go to the jury over the appellant's objection.

This is not an action upon a contract or agreement entered into by the company through its claim agent, Patton. It is a suit for injuries resulting from negligently allowing sparks to escape from the locomotive. And whilst it is very plausibly contended by appellee that this evidence was not introduced to show admission of liability on the part of the railroad; that no instruction was predicated upon it, and that the jury were alone directed to find upon the evidence

that the spark-arrester was out of order, and that the tes-
timony was competent because it was part of a conversa-
tion which had been called out by plaintiff, being a part of
the *res gestae* of the conversation.  It is well settled that "the
admissions or declarations of an agent are received in
evidence against a principal but as parts of the *res gestae;*
hence, only such as accompany the acts which are relied on
for recovery can be proven.  Thus, it is not true that where
an agency is established, the declarations of agents are ad-
mitted merely because they are his declarations.  They
are only evidence when they form a part of the contract
entered into by the agent on behalf of a principal, and in
that case they become admissible.  The cases on the subject
draw this distinction between the declarations of the agent
accompanying the making of an agreement, and, therefore,
forming part of an agreement, and those made either at a
subsequent or antecedent period.  The basis of such admis-
sions is the legal identity of principal and an agent, and
the fact that his declarations are a part of the *res gestae."*
(See McDermott v. Hannibal and St. Joe R. R. Co. 73 Mis-
souri 516; 39 American Reports, 526; Moore v. Meecham,
10 N. Y., 207.)

   This is now the well-established doctrine, and its appli-
cation to other acts of an agent, besides that of making
contracts, is equally well settled that the declarations of
an agent are received, not as admissions, but as part of the
*res gestae.*

   In the case of the Virginia & Tennessee R. R. Co., v.
Sayers (26 Grattan, 328), the court said: "It is true that
where the acts of the agent will bind the principal, his dec-

larations, representations and admissions respecting the subject-matter will also bind him if made at the same time, and constitute a part of the *res gestae*. They are of the nature of original evidence and not hearsay—representations and statements in such cases being the ultimate facts to be proven, and not mere admissions of some other fact."

In this case the agent knew nothing whatever of the burning. He was simply seeking information on that point, and the extent of appellee's injuries, therefore, declarations on his part relating to the facts of negligence sued on can not be competent, as they were certainly not a part of the *res gestae* of the negligence which occasioned the loss, and it would be very difficult for juries to draw the nice distinctions suggested by the counsel as to the purposes for which such evidence was admitted. They would be very likely to regard such declarations as an admission of liability for negligence on the part of appellant, and a promise to pay, and consequently highly prejudicial to the railroad company.

We think it was error to have admitted this testimony, and for the reasons named this case is reversed and remanded for proceedings consistent herewith.