As the receiver does not obtain the right to maintain such action from either the judgment creditor or judgment debtor, no more is it conferred on him by chapter 314 of the Laws of 1858, now section 19 of the Personal Property Law. The word "receiver" in that law does not include a receiver in supplementary proceedings. Under the doctrine noscitur a sociis, the "receivers" mentioned in that act are those who represent not only the judgment debtor, but all creditors sharing equally; but a receiver in supplementary proceedings represents only the judgment debtor and the creditor at whose suit he is appointed. He does not represent other creditors.

The conclusion is that a receiver in supplementary proceedings cannot maintain an action for the conversion of chattels conveyed by the judgment debtor to the defendant with intent to defraud his creditors. Stephens v. Meriden Britannia Co., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678.

The judgment is reversed, and the complaint dismissed on the merits, with appropriate costs in the court below and costs of the appeal to the appellant. All concur.

---

(162 App. Div. 169)

ROBINSON v. OCEAN S. S. CO. OF SAVANNAH, GA. (No. 5706.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. NEGLIGENCE (§ 108*)—CONCLUSION OR FACT—ALLEGATION OF NEGLIGENCE—"NEGLIGENCE."

Negligence, being that lack of care which makes a lawful act an unlawful one, is a fact to be pleaded as such, and a pleader seeking damages for an injury must set forth the injury, and, if it proceeded from an act of defendant not inherently unlawful, he may allege that the act was negligently done, in order to fasten liability upon defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 174, 175, 179, 180; Dec. Dig. § 108.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

2. MASTER AND SERVANT· (§ 262*)—PLEADING (§ 8*)—FACT OR CONCLUSION—CONTRIBUTORY NEGLIGENCE—PLEA.

Under Labor Law (Consol. Laws, c. 31) § 202a, as added by Laws 1910, c. 352, providing that, in an employé's action to recover damages for negligence arising out of and in the course of his employment, contributory negligence shall be a defense to be pleaded and proved by defendant, a plea that any injury to plaintiff was caused by his own negligence and in no way by defendant's negligence was not demurrable for failure to state the particular facts constituting his negligence or as a conclusion from a state of facts not sufficiently pleaded, since a defendant may plead generally the plaintiff's negligence, thus notifying of his intention to rely thereon if the facts shown at the trial warrant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 855–859; Dec. Dig. § 262;* Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Joseph Robinson against the Ocean Steamship Company of Savannah, Georgia. Demurrer to separate defense sustained, and defendant appeals. Reversed, with leave to withdraw demurrer.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Herbert Barry, of New York City, for appellant.

James Fred. Barber, of New York City, for respondent.

SCOTT, J. The action by an employé against his employer is for damages for negligence; the charge being that defendant had per-. mitted the deck of a steamship, upon which plaintiff was working as a stevedore, to be wet and slippery. The accident happened in April, 1912. In the defense demurred to the defendant pleads:

"Upon information and belief that any injuries which the said Joseph Robinson may have sustained at the time and place mentioned in the complaint were caused by his own carelessness and negligence, and in no way by negligence on the part of this defendant."

This was coupled with denials of knowledge or information as to accident for which plaintiff sues. The demurrer has been sustained and this defense condemned because it fails to state the particular facts constituting negligence on plaintiff's part, and in effect pleads only a conclusion resulting from a state of facts not sufficiently pleaded. The question so far as we are advised is a new one in this state, and arises from section 202a of the Labor Law as added by chapter 352, Laws 1910, reading as follows:

"On the trial of any action brought by an employé or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant."

This amendment has effected a complete change in the law. Before its adoption the burden rested upon the plaintiff in such a case to allege and prove that he, or the employé whom he represented, had not been guilty of contributory negligence. The question of the sufficiency of such a plea as the present has been passed upon in other states, and the weight of authority in those cases certainly tends to support the order appealed from. Tenn. C. & I. Ry. v. Herndon, 100 Ala. 451, 14 South. 287; Johnson v. L. & H. Ry., 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; Brown v. St. L. & S. F. R. R.; 171 Ala. 310, 314, 55 South. 107; M. & L. R. R. v. Dunlap, 29 Ind. 426, 429; Fuller v. Ill. Cent. Ry., 100 Miss. 705, 715, 56 South. 783; Harrison v. Mo. Pac. Ry., 74 Mo. 364, 369, 41 Am. Rep. 318; Cogdell v. W. & W. Ry., 132 N. C. 852, 855, 44 S. E. 618; Brown v. Seattle City R. Co., 16 Wash. 465, 468, 47 Pac. 890; McInerney v. Va. Car. Chem. Co. (C. C.) 118 Fed. 653. There are, however, well-reasoned cases holding the contrary view (Ches. & Ohio Ry. Co. v. Smith, 101 Ky. 104, 39 S. W. 832; Stewart v. Galveston, etc., Ry. Co., 34 Tex. Civ. App. 370, 78 S. W. 979), and it is stated in McInerney v. Va. Car. Chem. Co., supra, that a general plea of negligence without specification of detail is held to be sufficient in South Carolina. In view of this difference of opinion upon the subject in other jurisdictions, and in the absence of any controlling precedent, we are at liberty to consider the question de novo.

The question as to whether the ultimate fact, or the probative or

evidential facts from which the ultimate fact is to be deduced, should be stated in a pleading, is an old one which has given rise to much discussion and to some fine distinctions. Thus it is well settled that an allegation that one has "fraudulently" done a certain act is insufficient without specification of the acts constituting the fraud; but in these and similar cases it will generally be found that the real objection is that the statement is considered to be a conclusion of law, and not the allegation of an ultimate fact, for it is not always easy to distinguish a conclusion of law from a conclusion of mixed law and fact.

[1] Negligence, however, in our opinion is a fact to be pleaded as such. It is that lack of care which makes a lawful act an unlawful one. If a pleader seeks to recover damages for an injury, he must set forth the injury, and if it proceeded from an act of the defendant, not inherently unlawful, he may allege that the act was negligently done in order to fasten liability upon the doer of the act; but whether negligence existed or not is a question of fact. As was said in Louisville & Nashville R. R. Co. v. Wolfe, 80 Ky. 84:

"Negligence is the ultimate fact to be pleaded, and it forms part of the act from which an injury arises, or by which contributory negligence is made out. It is the absence of care in the performance of an act, and is not merely the result of such absence, but the absence itself, and it is not, therefore, a mere conclusion of law, and may be pleaded generally."

In Oldfield v. N. Y. & Harlem R. R. Co., 14 N. Y. 310, 314, the complaint merely alleged generally that the death of plaintiff's intestate was caused by the negligence and default of the defendants and their agents and servants. This was held to be sufficient, the court saying that:

"This authorized evidence of the defendants' neglect or misconduct tending to produce the injury, without a more particular statement in the pleading."

In Edgerton v. N. Y. & Harlem R. Co., 39 N. Y. 227, 230, Judge Grover said:

"The complaint contained a general averment that the injury was received from the negligence of defendant and its employés, and it is therefore immaterial whether the proof established the particular negligence specified in the complaint; some negligence being shown."

See, also, Roblee v. Indian Lake Co., 11 App. Div. 438, 42 N. Y. Supp. 326; Elsworth v. Franklin Co. Agricultural Society, 99 App. Div. 121, 91 N. Y. Supp. 1040; Powell v. Cohoes R. Co., 136 App. Div. 207, 120 N. Y. Supp. 336; Jackman v. Lord, 56 Hun, 192, 9 N. Y. Supp. 200; McCarthy v. N. Y. C. & H. R. R. R. Co., 6 N. Y. Supp. 560. In Missouri, after certain decisions apparently holding to the contrary, one of which is cited above, it was held in Schneider v. Missouri Pac. Ry. Co., 75 Mo. 295, that it is not necessary in an action for negligence to specify the particular negligent act complained of, but that a general averment of negligence will be sufficient. This was followed in Palmer v. Missouri Pac. Ry., 76 Mo. 217; Mack v. St. L., K. C. & N. R. Co., 77 Mo. 232. Any other rule would result in a great majority of cases like the present, and especially in cases where it is sought to hold defendant under the rule respondeat su-

perior, in depriving defendant altogether of the defense founded on the contributory negligence of the plaintiff. In such cases the question whether or not the plaintiff was negligent will depend upon the circumstances attending the accident which are generally unknown to the defendant until developed on the trial. There is no reason to believe that the Legislature intended to produce such a result.

[2] In our opinion the purpose of the statute will be fully met if it be held that a defendant may plead generally the plaintiff's negligence, thus giving notice of his intentions to rely upon that defense if the facts, as shown upon the trial, shall warrant it. In addition, the statute has placed upon defendant's shoulders the burden of proof as to plaintiff's negligence, relieving plaintiff from the burden which he formerly bore of proving affirmatively his own freedom from negligence. This construction of the statute will do justice to both parties to an action like the present without unduly burdening either and will not operate to deprive defendants in negligence cases of a perfectly legitimate defense. It is also in harmony with Griffin v. Cunard S. S. Co., 159 App. Div. 453, 144 N. Y. Supp. 517, recently decided by this court.

The interlocutory judgment appealed from must be reversed, with costs and disbursements, and the demurrer overruled, with costs. All concur.