Pearl Jacobs, Appellant, *v.* Patrick J. Barron, Respondent, Impleaded with Norman I. Dorfman, Defendant.

First Department, February 26, 1926.

Motor vehicles — action against owners of two automobiles to recover for injuries suffered by plaintiff in collision — complaint not insufficient by allegations that both defendants are sued because plaintiff cannot determine which is liable — pleading is authorized by Civil Practice Act, § 213.

A complaint in an action to recover for injuries suffered by the plaintiff in a collision between two automobiles is not insufficient on the ground that it contains an allegation that the owners of both automobiles are sued because the plaintiff is unable to determine which of the two is liable for the injuries; the pleading is authorized by section 213 of the Civil Practice Act.

Appeal by the plaintiff, Pearl Jacobs, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of June, 1925, dismissing the amended complaint as to the defendant Barron, with leave to serve a further amended complaint upon payment of costs.

*Charles J. Herson,* for the appellant.

*Norwood & Walsh* [*John C. MacCarthy* of counsel], for the respondent.

Martin, J. The plaintiff sues to recover for injuries occasioned by a collision between a taxicab, owned and operated by defendant Patrick J. Barron, and an automobile owned by defendant Norman I. Dorfman. The complaint alleges:

" *Tenth.* That the taxicab of the said defendant Patrick J. Barron and the automobile of the defendant Norman I. Dorfman were so negligently and recklessly operated by the defendants, their agents, servants or employees that a collision between the said taxicab and automobile occurred whereby this plaintiff sustained great and serious injuries by reason of such collision and this plaintiff is in doubt as to the person from whom she is entitled to redress."

For respondent, the defendant Patrick J. Barron, it is urged that as plaintiff alleges that she " is in doubt as to the person from whom she is entitled to redress," she must be held to allege that it is doubtful that both defendants were negligent; it is urged that the concluding part of the " tenth " paragraph nullified what is first alleged therein. It is not argued, and at Special Term it

was not argued, as we judge from the memorandum of the court, as well as from the notice of motion which indicates that the sole challenge to the complaint is its sufficiency to state a cause of action, that plaintiff may not sue the defendants in this alternative form.

In *Robinson* v. *Ocean S. S. Co.* (162 App. Div. 169), concurred in by all the justices, Mr. Justice SCOTT said: " The question as to whether the ultimate fact or the probative or evidential facts from which the ultimate fact is to be deduced should be stated in a pleading is an old one which has given rise to much discussion and to some fine distinctions. Thus it is well settled that an allegation that one has ' fraudulently ' done a certain act is insufficient without specification of the acts constituting the fraud, but in these and similar cases it will generally be found that the real objection is that the statement is considered to be a conclusion of law and not the allegation of an ultimate fact, for it is not always easy to distinguish a conclusion of law from a conclusion of mixed law and fact. Negligence, however, in our opinion is a fact to be pleaded as such. It is that lack of care which makes a lawful act an unlawful one. If a pleader seeks to recover damages for an injury he must set forth the injury, and if it proceeded from an act of the defendant, not inherently unlawful, he may allege that the act was negligently done in order to fasten liability upon the doer of the act, but whether negligence existed or not is a question of fact. As was said in *Louisville & Nashville R. R. Co.* v. *Wolfe* (80 Ky. 82, 84): ' Negligence is the ultimate fact to be pleaded and it forms part of the act from which an injury arises, or by which contributory negligence is made out. It is the absence of care in the performance of an act, and is not merely the result of such absence, but the absence itself, and it is not, therefore, a mere conclusion of law and may be pleaded generally.' "

In his opinion Mr. Justice SCOTT referred to the case of *Edgerton* v. *N. Y. & Harlem R. R. Co.* (39 N. Y. 227, 230) with approval, where Judge GROVER said: " ' The complaint contained a general averment that the injury was received from the negligence of the defendant and its employees, and it is, therefore, immaterial whether the proof established the particular negligence specified in the complaint, some negligence being shown.' "

Negligence of both defendants is sufficiently alleged, and we are of the opinion that this complaint should be sustained in view of the practice authorized by section 213 of the Civil Practice Act. Granting that plaintiff may resort thereto, it would seem to follow that she is not to be considered out of court because she

frankly admits that she is in doubt as to the person from whom she is entitled to redress.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer upon payment of said costs.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order upon payment of said costs.